**2025 WI 3**

# Supreme Court of Wisconsin



KAREN ELIZABETH MORWAY,
*Petitioner-Respondent,*

*v.*

DAVID SETH MORWAY,
*Respondent-Appellant-Petitioner.*

No. 2023AP1614
Decided January 22, 2025

REVIEW of a decision of the Court of Appeals.
Ozaukee County Circuit Court (Sandy A. Williams, J.),
No. 2017FA184

ANN WALSH BRADLEY, J., delivered the majority opinion of the Court, in which DALLET, KAROFSKY, and PROTASIEWICZ, JJ., joined. DALLET, J., filed a concurring opinion. HAGEDORN, J., filed a dissenting opinion, in which REBECCA GRASSL BRADLEY, J., joined.

ZIEGLER, C.J., did not participate.

¶1 ANN WALSH BRADLEY, J. The petitioner, David Morway, seeks review of an unpublished order of the court of appeals that

dismissed as untimely his appeal of a May 24, 2023 circuit court order.[1] The court of appeals determined that the order, which denied David's motion to modify or terminate spousal maintenance, was final for purposes of appeal pursuant to WIS. STAT. § 808.03(1) (2021–22).[2] Because the court of appeals concluded that David filed his notice of appeal outside the 90-day timeframe for appeal, it dismissed David's appeal for lack of jurisdiction.[3]

¶2 David argues that the court of appeals erred in determining that the May 24 order was a "final order" within the meaning of § 808.03(1). Instead, he asserts that the order was not final because it did not dispose of the entire matter in litigation. David also argues that the order's finality is ambiguous and should therefore be liberally construed to preserve his right to appeal for three reasons. First, the order lacked an explicit finality statement. Second, he asserts that the parties and the circuit court demonstrated that they did not intend for the order to be final. Third, David argues that the order's text renders its finality ambiguous. Therefore, David submits that the court of appeals has jurisdiction to review the May 24 order.

¶3 Karen responds that the May 24 order was final because it disposed of the entire matter in litigation by expressly disposing of David's motion to modify or terminate maintenance. Accordingly, she advances that the May 24 order is final for purposes of appeal and the court of appeals does not have jurisdiction to review the May 24 order.

¶4 We determine that because the May 24 order unambiguously disposed of the entire matter in litigation, it was a final order within the meaning of § 808.03(1). When the order was entered, the only substantive matter before the court was David's motion to modify or

---

[1] *See Morway v. Morway*, No. 2023AP1614, unpublished order (Wis. Ct. App. Nov. 17, 2023) (dismissing an appeal of an order of the circuit court for Ozaukee County, Sandy A. Williams, Judge).

[2] All references to the Wisconsin Statutes are to the 2021–22 version.

[3] For clarity, we refer to each party by using their first names because they share a surname.

terminate maintenance.[4]    Because the order expressly denied David's motion, it disposed of the entire matter in litigation.  Like the court of appeals, we conclude that David's notice of appeal, which was filed outside the 90-day timeframe for appeal, was not timely.  Therefore, the court of appeals properly dismissed the appeal for lack of jurisdiction.

¶5     Accordingly, we affirm the order of the court of appeals.

I

¶6     The following facts are undisputed.  David and Karen Morway were divorced on March 25, 2019.  At the time of the divorce, David was the assistant general manager for the National Basketball Association's Utah Jazz.  Karen primarily cared for the couple's two children and did not work outside the home.  As part of the divorce, David was ordered to pay Karen monthly spousal maintenance.

¶7     In September 2021, David signed a ten-month contract with the Jazz that would expire on June 30, 2022.  A few days after signing the contract, David filed a motion to modify the maintenance based on the change in circumstances.  This motion was resolved by stipulation.  Then, on May 27, 2022, David filed a second motion to modify the maintenance based on the impending expiration of the ten-month contract.

¶8     David's May 27 motion made two specific requests.  First, David asked the circuit court to "hold open maintenance payable by [David] to [Karen] commencing July 1, 2022, due to a substantial change in [David's] employment."   In other words, David asked the court to modify the amount of maintenance he was obligated to pay Karen due to the expiration of his contract.  Second, in the alternative, David asked the court to "terminate maintenance payable by [David] to [Karen] commencing July 1, 2022, due to a substantial change in [David's] employment."

¶9     David's May 27 motion was tried first before a family court commissioner who determined that a substantial change in circumstances

---

[4] *See Harder v. Pfitzinger*, 2004 WI 102, ¶17, 274 Wis. 2d 324, 682 N.W.2d 398; *Wambolt v. West Bend Mut. Ins.*, 2007 WI 35, ¶30 n.9, 299 Wis. 2d 723, 728 N.W.2d 670.

occurred and reduced David's maintenance obligation accordingly.  Karen appealed the commissioner's decision to the circuit court.  The circuit court held a three-day trial on David's motion.  Afterward, in post-trial briefing, Karen sought an award of attorney fees, alleging that David engaged in overtrial.[5]  David denied the overtrial allegation.

¶10    On April 19, 2023, the circuit court rendered an oral decision denying David's motion to modify or terminate maintenance.  The court also denied Karen's post-trial motion for attorney fees based on overtrial, stating that it was denying the motion because there was not sufficient information before the court to grant the motion:

> THE COURT:  Now here's the problem with requesting [attorney fees based on overtrial]; this is new to me hearing you say that we had to take depositions because a theory was abandoned, that's not in front of me.  I didn't hear anything about that—
>
> [KAREN'S COUNSEL]:  I'll file a separate motion for overtrial and we can have a hearing on that, Your Honor.
>
> THE COURT:  All right. Because . . . based on your request now, I'm denying it because there wasn't anything that I can consider for that and it's not fair.

¶11    The circuit court memorialized its April 19 oral decision in the May 24 order.  That order again denied David's motion to modify or

---

[5] Overtrial is a doctrine developed in family law cases that may be invoked when one party's unreasonable approach to litigation causes the other party to incur extra and unnecessary fees. . . . A party's approach to litigation is unreasonable if it results in unnecessary proceedings or unnecessarily protracted proceedings, together with attendant preparation time.  A circuit court may sanction a party who has engaged in overtrial by ordering that party to pay the opposing party's attorney fees.

*Zhang v. Yu*, 2001 WI App 267, ¶13, 248 Wis. 2d 913, 637 N.W.2d 754 (internal citations omitted).

terminate maintenance,[6] providing that "[m]aintenance to Karen will not be terminated" and that "[a]ny maintenance received by Karen since June 30, 2022, shall not be returned or refunded to David." Set forth in the findings of the May 24 order is a statement that replicates Karen's assertion at the April 19 hearing, which anticipated that "Karen will file a separate Motion" on overtrial. The order did not contain a statement indicating that it was final for purposes of appeal.

¶12 On June 2, 2023, Karen filed the anticipated overtrial motion. The circuit court held a hearing on the motion on June 28, 2023, after which the court granted Karen's motion. David and Karen then agreed to file additional briefing regarding the amount of attorney fees owed. During the June 28 hearing, David informed the circuit court that he intended to appeal the overtrial decision alongside the May 24 order once the amount of attorney fees was set. David explained that he was waiting for "the complete set of decisions" before appealing. The circuit court responded that it "thought that would happen." On August 28, 2023, the circuit court ordered David to pay Karen $11,967.50 in fees and costs.

¶13 On September 1, 2023, 100 days after the circuit court entered the May 24 order, David filed a notice of appeal from the August 28 order and all prior nonfinal orders. Upon receipt of the notice of appeal, the court of appeals instructed the parties to file memoranda addressing whether the May 24 order was final. The court questioned its jurisdiction to hear David's appeal because his notice of appeal was filed outside the 90-day timeframe for appeal.

¶14 The court of appeals ultimately concluded that the May 24 order was final. *Morway v. Morway*, No. 2023AP1614, unpublished order (Wis. Ct. App. Nov. 17, 2023). The court held that the "circuit court's May

---

[6] The May 24 order also granted Karen a contribution of attorney fees from David based on a successful motion to compel that Karen filed earlier in the proceedings at issue. The order left open the amount of attorney fees Karen would be awarded under WIS. STAT. § 804.12. Neither party argues that this outstanding fee-shifting issue affects the finality of the May 24 order. *See Leske v. Leske*, 185 Wis. 2d 628, 633, 517 N.W.2d 538 (Ct. App. 1994) (holding that an outstanding claim for attorney fees based on a fee-shifting statute will not disturb the finality of an otherwise final prior summary judgment order).

24, 2023 order rejected [David's] requests to terminate and/or hold open maintenance," thereby "dispos[ing] of all matters raised in [David's] post-judgment maintenance" motion. *Id.* at 3. "Therefore, there was no 'matter in litigation' between the parties under WIS. STAT. § 808.03(1) . . . ." *Id.* (cleaned up). As a result, David's appeal was not timely and the court therefore dismissed the appeal for lack of jurisdiction. *Id.* at 4.

II

¶15 The question of the finality of a judgment or order is not new to this court. We have wrestled with it over the years. This case presents yet another opportunity to examine the statutes alongside our precedent and to apply them to the facts at hand.

¶16 More precisely, today's case presents the question of whether a circuit court order is final for purposes of appeal pursuant to WIS. STAT. § 808.03(1). This is a question of law that we review independently of the determinations rendered by the circuit court and court of appeals. *Kenosha Pro. Firefighters v. City of Kenosha*, 2009 WI 52, ¶20, 317 Wis. 2d 628, 766 N.W.2d 577.

III

¶17 We begin our review by providing background on finality for purposes of appeal. Next, we address the finality of the May 24 order by discussing David's arguments regarding ambiguity and by examining the text of the order. Ultimately, we conclude that the May 24 order was final for purposes of appeal pursuant to § 808.03(1). Thus, David's notice of appeal was not timely and the court of appeals properly dismissed the appeal for lack of jurisdiction. Finally, we discuss David's request to expand the *Wambolt* rule to require circuit courts to explicitly state on each judgment or order whether the document is final or not final for purposes of appeal. *See Wambolt v. West Bend Mut. Ins. Co.*, 2007 WI 35, ¶50, 299 Wis. 2d 723, 728 N.W.2d 670.

¶18 A discussion of the background of finality for purposes of appeal begins with a review of the applicable statutes. A judgment or order of a circuit court is appealable to the court of appeals as a matter of

right only if the judgment or order is "final."[7] WIS. STAT. § 808.03(1). WISCONSIN STAT. § 808.03(1) defines "final judgment" and "final order" as "a judgment, order or disposition that disposes of the entire matter in litigation as to one or more of the parties . . . ."[8] Once a circuit court enters a final judgment or order, a party seeking to appeal has no more than 90 days to file a notice of appeal, unless the law provides otherwise.[9] WIS. STAT. § 808.04(1). Because David filed his notice of appeal 100 days after the May 24 order was entered, this raises the question of whether the May 24 order disposed of the entire matter in litigation and was therefore final for purposes of appeal.

¶19 Our precedent guides the inquiry into whether a judgment or order disposes of the entire matter in litigation. In *Harder v. Pfitzinger*, we defined the scope of the "entire matter in litigation." 2004 WI 102, 274 Wis. 2d 324, 682 N.W.2d 398. In that case, the Harders sought to recover damages from the previous owner of their home for failure to disclose structural defects. *Id.*, ¶5. The circuit court dismissed the Harders' claims in a February 28 order and assessed costs in an April 22 judgment. *Id.*, ¶¶6–7. The Harders then filed a notice of appeal that would have been timely if the April 22 judgment was the final document for purposes of appeal but not timely if the February 28 order was the final document for purposes of appeal. *Id.*, ¶7. We determined that the February 28 order

---

[7] A nonfinal order may be appealable but only when the court of appeals grants leave to appeal, which requires that one of three statutory conditions be met. *See* WIS. STAT. § 808.03(2). This case does not involve a petition for leave to appeal a nonfinal order.

[8] WISCONSIN STAT. § 808.03(1) provides:

(1) APPEALS AS OF RIGHT. A final judgment or a final order of a circuit court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law. A final judgment or final order is a judgment, order or disposition that disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding . . . .

[9] In certain circumstances, the time in which to file an appeal is considerably shorter. *See* WIS. STAT. § 808.04(1).

was final for purposes of appeal, and therefore the Harders' notice of appeal was not timely. *Id.*, ¶2.

¶20     In conducting the finality inquiry, we explained that finality is based on the text of the judgment or order at issue, not the subsequent actions taken by the circuit court nor the court's intent. Looking to the text of the judgment or order at issue, we stated that whether the judgment or order at issue disposed of the entire matter in litigation depends on whether it leaves anything to be decided as a matter of substantive law in the litigation.[10]  *Id.*, ¶12. Thus, when a judgment or order disposes of all substantive matters with respect to a party, then that indicates that the circuit court intended the document to be final as a matter of law. *Wambolt*, 299 Wis. 2d 723, ¶30 n.9 (citing *Harder*, 274 Wis. 2d 324, ¶2).

---

[10] We have on occasion said that the finality inquiry involves two questions. *See Harder*, 274 Wis. 2d 324, ¶12 ("[W]e have interpreted the phrase, 'disposes of the entire matter in litigation' set out in WIS. STAT. § 808.03(1), as having two components . . . ."); *Wambolt*, 299 Wis. 2d 723, ¶27 ("[W]hether an order or judgment is final for the purpose of appeal turns on the answer to two questions."). However, in *Wambolt*, we clarified that because the effect of *Harder* was to dispense with the "intent" part of the finality test, the effect was to focus the finality inquiry on a single question: whether the judgment or order at issue disposes of all substantive matters with respect to a party. *Wambolt*, 299 Wis. 2d 723, ¶30 n.9.

Thus, if the judgment or order at issue disposes of the substantive issues with respect to one or more parties, then the circuit court could not contemplate that there would be a subsequent document from which an appeal could be taken because "disposing of all substantive issues with respect to a party indicates that the circuit court intended the document to be final as a matter of law." *Id.* (emphasis omitted) (citing *Harder*, 274 Wis. 2d 324, ¶2). A judgment or order that does not dispose of the substantive issues in the litigation with respect to one or more parties cannot be a final order or final judgment under the plain meaning of WIS. STAT. § 808.03(1). This understanding of finality more accurately reflects the language of WIS. STAT. § 808.03(1) and this court's initial approach to the finality inquiry. *See Radoff v. Red Owl Stores, Inc.*, 109 Wis. 2d 490, 494, 326 N.W.2d 240 (1982) ("[W]hat constitutes a final judgment or order seem[s] to pose *one of two* questions . . . ." (emphasis added)).

¶21 Therefore, in *Harder*, we concluded that the February 28 order was final because it "addressed the substantive issues as final decisions, with nothing left to be decided as a matter of substantive law." *Harder*, 274 Wis. 2d 324, ¶17. The only task left for the circuit court was to determine the amount of costs, which does not affect the finality of a prior order. *Id.* (citing *Campbell v. Campbell*, 2003 WI App 8, ¶7, 259 Wis. 2d 676, 659 N.W.2d 106). Thus, the Harders' notice of appeal, which was filed 130 days after the February 28 order was entered, was not timely.

¶22 A few years later, we further refined the finality inquiry. In *Wambolt v. West Bend Mutual Insurance Co.*, we determined that final judgments or orders must explicitly dispose of the entire matter in litigation. 299 Wis. 2d 723, ¶50. Mere legal reasoning and decision-making is not sufficient to make a judgment or order final. *Id.*, ¶¶33–34. Thus, in *Wambolt*, a circuit court's "memorandum decision" that laid out the court's reasoning for granting a defendant's summary judgment motion was not final for purposes of appeal because it lacked "an explicit statement either dismissing the entire matter in litigation or adjudging the entire matter in litigation as to one or more parties." *Id.*, ¶¶39–40.

¶23 Additionally, in an effort to provide greater clarity to litigants, we required that a final judgment or order contain on its face a statement indicating that it is final for purposes of appeal.[11] *Id.*, ¶50; *see also Tyler v. RiverBank*, 2007 WI 33, ¶3, 299 Wis. 2d 751, 728 N.W.2d 686. Absent such a statement, we instructed courts to liberally construe any ambiguities in the judgment or order at issue to preserve the right to appeal. *Wambolt*, 299 Wis. 2d 723, ¶50.

¶24 However, we have also held that a defect regarding the finality statement will not make ambiguous an otherwise unambiguous final judgment or order. Thus, in *Admiral Insurance Co. v. Paper Converting Machine Co.*, we reaffirmed our holding that finality is based on the text of the judgment or order at issue, even if a finality statement says otherwise. 2012 WI 30, ¶29, 339 Wis. 2d 291, 811 N.W.2d 351. In *Admiral Insurance*, the circuit court granted summary judgment to Paper Converting

---

[11] We reemphasize that "the document must simply make clear, with a statement on its face, that it is the document from which appeal may follow as a matter of right under § 808.03(1)." *Wambolt*, 299 Wis. 2d 723, ¶45.

Machine Co. (PCMC) in an order specifying that it was "a final judgment for purposes of appeal." *Id.*, ¶¶15–18 (internal quotations omitted). However, the circuit court's order did not address a counterclaim for attorney fees that PCMC filed before the order was entered. *Id.*, ¶17. Therefore, contrary to the finality statement on the circuit court's summary judgment order, we determined that the order was not final because the counterclaim for attorney fees was still before the court when the order was entered. *Id.*, ¶¶32–36. Accordingly, the order did not dispose of the entire matter in litigation.

¶25 To summarize, a judgment or order is final for purposes of appeal when it disposes of the entire matter in litigation as to one or more parties. WIS. STAT. § 808.03(1). A judgment or order disposes of the entire matter in litigation when the text of that judgment or order leaves nothing else to be decided as a matter of substantive law. *Harder*, 274 Wis. 2d 324, ¶17; *Wambolt*, 299 Wis. 2d 723, ¶39. When a judgment or order does not clearly dispose of the entire matter in litigation as to one or more of the parties, then we will liberally construe ambiguities in that judgment or order to preserve the right to appeal. *Wambolt*, 299 Wis. 2d 723, ¶50. Circuit courts are required to indicate that their final judgments and orders are final for purposes of appeal with a finality statement. *Id.*; *Tyler*, 299 Wis. 2d 751, ¶3. However, an incorrect or nonexistent finality statement will not render ambiguous an otherwise unambiguous final judgment or order. *Admiral Ins. Co.*, 339 Wis. 2d 291, ¶29.

¶26 With the above background in hand, we turn to David's arguments. He advances three claims regarding the ambiguity of the May 24 order's finality. First, he claims that the order's finality is ambiguous because the order does not comply with *Wambolt*. Second, he asserts that the order's finality must be ambiguous because the subsequent actions of the parties and the circuit court demonstrate that they did not intend for the order to be final. Third, David advances a textual argument that he claims renders the order's finality ambiguous. Because of these asserted ambiguities, David argues that we should construe the May 24 order liberally to preserve his right to appeal. We address each argument in turn.

¶27 Initially, David observes that this court requires circuit courts to include on the face of their final judgments and orders a statement indicating that the judgment or order is final for purposes of appeal. *Wambolt*, 299 Wis. 2d 723, ¶¶44, 50. He advances that because the May 24 order lacked such a statement, its finality is ambiguous. However,

we have also held that the "absence of a finality statement cannot be used to create ambiguity when it is unambiguous that the order or judgment disposed of the entire matter in litigation as to one or more of the parties." *Admiral Ins. Co.*, 339 Wis. 2d 291, ¶29. Therefore, the lack of a finality statement does not in and of itself render the May 24 order's finality ambiguous.[12]

¶28 David also argues that the ambiguity of the May 24 order's finality is demonstrated by the intentions and subsequent actions of the parties and the circuit court in this case. He notes that, at the June 28 hearing, his attorney discussed the May 24 order as if it was not final. David also suggests that the circuit court itself did not intend for the May 24 order to be final. He points out that the circuit court "thought" David was waiting for "the complete set of decisions" before appealing.

¶29 However, in *Harder*, we "dispense[d] with the 'intent' part of the finality test." *Wambolt*, 299 Wis. 2d 723, ¶30 n.9 (citing *Harder*, 274 Wis. 2d 324, ¶2). As we explained in *Wambolt*, when a judgment or order disposes of all substantive issues with respect to a party, that indicates that the circuit court intended the document to be final as a matter of law. *Id.* Accordingly, even if the parties and the circuit court intended that the May 24 order not be final, such an intent would not be dispositive. Moreover, we have repeatedly said that the subsequent actions of the court have no bearing on the finality of a prior order. *Harder*, 274 Wis. 2d 324, ¶12; *Radoff v. Red Owl Stores, Inc.*, 109 Wis. 2d 490, 493, 326 N.W.2d 240 (1982). Therefore, the finality of the May 24 order is not rendered ambiguous by the intent or subsequent actions of the parties or the circuit court.

---

[12] David observes that we instructed courts to liberally construe judgments or orders in favor of preserving the right to appeal when that judgment or order "would otherwise constitute the final document, but for not including a finality statement . . . ." *Tyler v. RiverBank*, 2007 WI 33, ¶26, 299 Wis. 2d 751, 728 N.W.2d 686. However, our subsequent decision in *Admiral Insurance* supplants that instruction. *See Admiral Ins. Co. v. Paper Converting Machine Co.*, 2012 WI 30, ¶29, 339 Wis. 2d 291, 811 N.W.2d 351 ("The absence of a finality statement cannot be used to create ambiguity when it is unambiguous that the order or judgment disposed of the entire matter in litigation as to one or more of the parties.").

¶30     Finally, David advances that the ambiguity of the order's finality is evident from its text.  As we held in *Admiral Insurance*, the finality of a judgment or order depends on the text of the judgment or order itself.  *Admiral Ins. Co.*, 339 Wis. 2d 291, ¶29; *see also Harder*, 274 Wis. 2d 324, ¶13.  The text of a judgment or order is ambiguous if "the language of the document only arguably disposes of the entire matter in litigation . . . ."  *Admiral Ins. Co.*, 339 Wis. 2d 291, ¶27.

¶31     David argues that the May 24 order did not dispose of the entire matter in litigation, asserting that the order itself contemplated a subsequent, substantive overtrial motion from Karen.  David submits that overtrial is a substantive doctrine that requires a circuit court to make a factual determination of whether a party engaged in "unreasonably excessive litigation" or an "abuse of judicial resources through the unnecessary over-utilization of those resources."  *Zhang v. Yu*, 2001 WI App 267, ¶¶11, 13, 248 Wis. 2d 913, 637 N.W.2d 754.  Accordingly, David advances that the present situation is unlike our other attorney fee-shifting cases, in which we have held that fee-shifting does not disturb the finality of an otherwise final prior order.  *Admiral Ins. Co.*, 339 Wis. 2d 291, ¶33 n.14 (explaining that this court has long held "that the pendency of a claim for costs and fees does not affect the appealability of a judgment that otherwise disposes of the matters in litigation"); *see, e.g.*, *Leske v. Leske*, 185 Wis. 2d 628, 633, 517 N.W.2d 538 (Ct. App. 1994) (relating to a claim for attorney fees under a fee-shifting statute); *McConley v. T.C. Visions, Inc.*, 2016 WI App 74, ¶9, 371 Wis. 2d 658, 885 N.W.2d 816 (relating to a claim for attorney fees under a contract).

¶32     We observe first that the text of the May 24 order reveals that there was no overtrial motion before the circuit court when the order was entered.  The circuit court expressly denied Karen's initial overtrial motion at the April 19 hearing.  Then, Karen did not file her second overtrial motion until June 2.  Compare this to *Admiral Insurance*, in which PCMC filed a counterclaim for attorney fees that went unresolved before the circuit court entered its "final judgment."  *Admiral Ins. Co.*, 339 Wis. 2d 291, ¶¶15–17.

¶33     David argues that Karen's overtrial motion was before the court because the May 24 order said that "Karen will file a separate Motion" on overtrial.  However, if that statement would be enough to keep the entire matter in litigation open, it could remain open indefinitely.  Stated another way, the finality of the May 24 order could depend on

whether Karen ultimately files an overtrial motion. We disfavor an understanding of finality that frustrates the efficient administration of justice by indefinitely extending litigation and do not embrace it here.[13] *Id.*, ¶29. Therefore, the finality of the May 24 order is not rendered ambiguous by any of David's asserted claims.

¶34 Rather, we conclude that the May 24 order unambiguously disposed of the entire matter in litigation. When the circuit court entered the May 24 order, all that was before the court was David's motion to modify or terminate maintenance, which the order explicitly denied. The May 24 order provided that David was not entitled to a refund of any maintenance paid since his employment contract expired. It stated that "[m]aintenance to Karen will not be terminated" and that "[a]ny maintenance received by Karen since June 30, 2022, shall not be returned or refunded to David." Therefore, we conclude that the finality of the May 24 order is not ambiguous because its language makes clear that there was nothing left to be decided as a matter of substantive law. Accordingly, we determine that the May 24 order disposed of the entire matter in litigation.[14]

---

[13] The dissent submits that we are "resort[ing] to a policy argument." Dissent, ¶70. However, it is our precedent that leads to this end, with which the dissent does not reckon. Once the May 24 order was issued, Karen was under no obligation to file an overtrial motion. She was at liberty to consider the merits of such a motion and decide whether she wished to pursue the allegation. The dissent suggests that "if a party fails to pursue the remaining claim, the opposing party can ask the court to issue a final order." *Id.* True enough, but such an outcome would lack a definite endpoint, which our case law disfavors. *Admiral Ins.*, 339 Wis. 2d 291, ¶29.

[14] We acknowledge that finality may look different in the post-judgment context. *See* Concurrence, ¶¶45–46. For example, in the pre-judgment context, David would typically have to wait for the circuit court's final judgment before he could have an appeal as of right with regard to the denial of his motion. However, in the post-judgment context, there is no forthcoming final judgment relevant to these proceedings because the May 24 order left nothing to be decided as a matter of substantive law. Nevertheless, the finality inquiry is the same. A judgment or order in the post-judgment context is final for purposes of appeal when it disposes of the entire matter in litigation as to one or more parties. That is, when the judgment or order at issue leaves nothing to be decided as a matter of substantive law.

¶35 Before we conclude, we pause to address a request proffered by David that we exercise this court's superintending authority to expand the *Wambolt* rule to encompass nonfinal orders. By requiring circuit courts to explicitly state whether each order is final or not final, he advances that this would clarify finality, incentivize the parties to focus on the finality issue, and would not impose too heavy a burden on circuit courts.

¶36 The Wisconsin Constitution confers to the supreme court superintending authority "over all courts." WIS. CONST. art. VII, § 3(1).[15] This is an authority we do not invoke lightly. *Koschkee v. Evers*, 2018 WI 82, ¶12, 382 Wis. 2d 666, 913 N.W.2d 878. "Whether we choose to exercise our supervisory authority in a given situation is a matter of judicial policy rather than one relating to the power of this court." *Id.*

¶37 We appreciate David's effort to further clarify finality. However, we are not convinced that his request merits further exercise of this court's superintending authority. An expanded rule may be too heavy a burden when considering the litany of everyday nonfinal orders circuit courts enter in the course of regular business.

¶38 Additionally, the parties are already incentivized to focus on the finality of their judgments or orders. In *Wambolt*, we wrote that "the interests of the prevailing party will be furthered if the document contains explicit language regarding finality for purposes of appeal and thus begins the running of the clock for filing notice of appeal . . . ." 299 Wis. 2d 723, ¶47. We also observed that "the person aggrieved by the final order or judgment may have an even larger incentive to include such an explicit statement in the document. In the face of uncertainty, the time to appeal may begin to run and the right to appeal may be lost." *Id.* On balance, David's request is not sufficiently justified to invoke our superintending authority.

¶39 Although we do not grant David's request, we take this opportunity to reaffirm the rule of *Wambolt*. *See id.*, ¶50. Circuit courts are still required to include a finality statement on final judgments and orders.

---

[15] "The supreme court shall have superintending and administrative authority over all courts." WIS. CONST. art. VII, § 3(1).

As we stated then, such a requirement "bring[s] clarity to the question of when the clock for filing appeals begins to run."  *Id.*, ¶49; *see also Radoff*, 109 Wis. 2d at 495 (indicating that "careful drafting of the final order or judgment" will aid in avoiding appellate issues regarding finality).

¶40    In sum, because the May 24 order disposed of the entire matter in litigation, we conclude that it was a final order within the meaning of WIS. STAT. § 808.03(1).  David's notice of appeal, which was filed outside the 90-day timeframe for appeal, was not timely.  As a result, the court of appeals properly dismissed the appeal for lack of jurisdiction.

¶41    Accordingly, we affirm the order of the court of appeals.

*By the Court.*—The order of the court of appeals is affirmed, and the cause is remanded to the court of appeals.

REBECCA FRANK DALLET, J., concurring.

¶42 Clear rules governing finality are essential for courts and parties. That is because the entry of a final order or judgment under WIS. STAT. § 808.03(1) starts the clock for filing an appeal. *See* WIS. STAT. § 808.04(1). Once that clock runs out, the court of appeals lacks jurisdiction over an appeal. *See* WIS. STAT. § (Rule) 809.10(1)(e). Without clear rules governing finality, parties may thus unintentionally lose their right to appeal.

¶43 Unfortunately our analysis of finality under § 808.03(1) is not as clear as it should be, particularly in the post-judgment context or when attorneys' fees claims are involved. I write separately to suggest two ways we might provide greater clarity in a future case. First, we should consider adopting the approach taken by the federal courts of treating each discrete post-judgment matter as "'a free-standing litigation'" that is final when an order "disposes of all the issues raised in the motion that initially sparked the post-judgment proceedings" and no other related issues remain pending. *Mayer v. Wall St. Equity Grp., Inc.*, 672 F.3d 1222, 1224 (11th Cir. 2012) (quoting another source). Second, we should also consider joining the federal courts by adopting a bright-line rule that any pending matters relating to attorneys' fees awards do not undermine finality, regardless of the legal authority for such an award. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 201(1988).

I

¶44 The textbook example of a final, appealable decision under § 808.03(1) is one that enters judgment, fully resolving all litigation on the merits. *See, e.g.*, *Radoff v. Red Owl Stores, Inc.*, 109 Wis. 2d 490, 493–94, 326 N.W.2d 240 (1982). If, for example, a circuit court enters judgment when it grants summary judgment to a party on all claims or dismisses a complaint in full for failure to state a claim, everyone knows that the time for filing an appeal is running. The entry of judgment in those situations clearly "dispose[d] of the entire matter in litigation as to one or more of the parties . . . ." *See* § 808.03(1).

¶45 Determining finality is more complicated, however, when litigation continues between the parties long after a final judgment is entered. This case is a good example. The judgment of divorce was entered in 2019. Neither party appealed. Instead, over the course of the next several years, David sought to reduce his maintenance obligations by

moving to modify the underlying judgment of divorce. *See* WIS. STAT. § 767.59(1c)(a)1.-2. (authorizing circuit courts to modify maintenance orders or "[m]ake any judgment or order on any matter that the court might have made in the original action"). Karen opposed those efforts, seeking to enforce the existing judgment. And eventually, she moved to recover attorneys' fees for overtrial that allegedly occurred during the maintenance-modification litigation.

¶46 Post-judgment litigation like this isn't unusual. Parties often return to court to seek modifications to the judgment, to enforce its provisions, or to resolve ancillary questions like sanctions for litigation misconduct or entitlement to attorneys' fees and costs. *See, e.g.,* WIS. STAT. § 806.07(1) (specifying grounds for relieving a party from a judgment, order, or stipulation). Indeed, post-judgment litigation is particularly common in family-law cases like this one, where judgments of divorce often entail ongoing financial obligations and child-custody arrangements that may have to be revisited as circumstances change.

¶47 Nevertheless, our court has never articulated a distinct method for determining when orders resolving these post-judgment matters are final for purposes of appeal under § 808.03(1). In fact, nearly all of our prior cases interpreting § 808.03(1) arose out of litigation on the merits.[1] And the two categories of exceptions don't provide much

---

[1] *See, e.g., Admiral Ins. Co. v. Paper Converting Machine Co.*, 2012 WI 30, ¶¶1–3, 339 Wis. 2d 291, 811 N.W.2d 351 (holding that a grant of partial summary judgment was not unambiguously final); *Kenosha Pro. Firefighters, Local 414 v. City of Kenosha*, 2009 WI 52, ¶6, 317 Wis. 2d 628, 766 N.W.2d 577 (determining that orders that (1) awarded prejudgment attorneys fees, statutory damages, and costs, and (2) denied reconsideration were not final); *Wambolt v. West Bend Mut. Ins. Co.*, 2007 WI 35, ¶3, 299 Wis. 2d 723, 728 N.W.2d 670 (concluding that memorandum decisions granting summary judgment and denying reconsideration were not unambiguously final); *Tyler v. RiverBank*, 2007 WI 33, ¶23, 299 Wis. 2d 751, 728 N.W.2d 686 (determining that a final judgment, not an order denying post-trial motions, triggered the deadline for filing an appeal); *Harder v. Pfitzinger*, 2004 WI 102, ¶17, 274 Wis. 2d 324, 682 N.W.2d 398 (deciding that an "unequivocal order . . . dismiss[ing] all of the claims against each party" was final for purposes of appeal); *Radoff*, 109 Wis. 2d at 494 (holding that a memorandum decision granting summary judgment was not final because it "contemplated that another document was forthcoming" that "would dispose of the case").

guidance either. One category involved appeals from orders resolving "special proceedings," a unique type of action that addresses "'issue[s] separate and distinct from the issues presented in' the pending lawsuit, but which [are] 'related' or 'connected' to that lawsuit." *See L.G. ex rel. Chippewa Family Servs., Inc. v. Aurora Residential Alternatives, Inc.*, 2019 WI 79, ¶22, 387 Wis. 2d 724, 929 N.W.2d 590 (quoting another source). Special proceedings, we have explained, are "unlike other forms of litigation," and "can result in a series of potentially final orders." *Sanders v. Estate of Sanders ex rel. Gruetzmacher*, 2008 WI 63, ¶27, 310 Wis. 2d 175, 750 N.W.2d 806. And the second category involved appeals from the statutorily prescribed two-step process for foreclosure actions.[2] *Anchor Savings & Loan Association v. Coyle*, 148 Wis. 2d 94, 101–02, 435 N.W.2d 727 (1989); *Shuput v. Lauer*, 109 Wis. 2d 164, 175, 325 N.W.2d 321 (1982). These are our only true post-judgment decisions applying § 808.03(1).

¶48    Given that nearly all of our cases interpreting § 808.03(1) analyzed whether judgments or orders rendered on the merits were final, it shouldn't be surprising that we described finality as depending on "whether an order or judgment dispose[d] of the *substantive issues* with respect to one or more parties . . . ." *Wambolt v. West Bend Mut. Ins. Co.*, 2007 WI 35, ¶30 n.9, 299 Wis. 2d 723, 728 N.W.2d 670 (emphasis added); *see also Radoff*, 109 Wis. 2d at 493. After all, the central substantive issue in every civil case—who is liable to whom—is always resolved by a final order or judgment. But focusing narrowly on whether all substantive issues have been resolved can be less useful after judgment, when the merits of the parties' legal claims have already been conclusively determined. *See, e.g., Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 829 (11th Cir. 2010) ("In postjudgment proceedings, the meaning of a 'final decision' is less clear because the proceedings necessarily follow a final judgment." (quoting another source)). Put another way, after judgment, it isn't always clear what it means for an order to dispose of all "substantive" issues. Post-judgment motions are often governed by the rules of civil procedure, and therefore could be characterized as purely procedural. *See, e.g.*, WIS. STAT. § 806.07(1) (setting forth, in the rules of civil procedure, the grounds for relief from a judgment); *see also Erie R.R.*

---

[2] By statute, foreclosure actions are resolved in two separate steps: (1) entry of a foreclosure judgment and sale, and (2) confirmation of the sale and entry of a deficiency judgment, if any. *See Anchor Sav. & Loan Ass'n v. Coyle*, 148 Wis. 2d 94, 101–02, 435 N.W.2d 727 (1989); *see also* WIS. STAT. § 846.165.

*Co. v. Tompkins*, 304 U.S. 64, 92 (1938) (Reed, J., concurring) ("The line between procedural and substantive law is hazy . . . .").

¶49 Although our court has not articulated a distinct approach for determining whether post-judgment orders are final under § 808.03(1), the federal courts and our court of appeals have. "When evaluating the finality of an order entered after judgment, [federal] courts generally treat the post-judgment proceeding as if it were a lawsuit distinct from the suit that generated the underlying judgment." *Caribbean Mgmt. Grp., Inc. v. Erikon LLC*, 966 F.3d 35, 40 (1st Cir. 2020) (collecting cases from the Fifth, Sixth, and Seventh Circuits); *see also In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1172 (10th Cir. 2023); *Amara v. Cigna Corp.*, 53 F.4th 241, 250 (2d Cir. 2022); *Acheron Cap., Ltd. v. Mukamal ex rel. Mut. Benefits Keep Pol'y Tr.*, 22 F.4th 979, 987 (11th Cir. 2022). The finality of post-judgment orders in federal court thus turns on whether (1) the order "disposes of all the issues raised in the motion that initially sparked the postjudgment proceedings," and (2) no other related questions are pending. *Mayer*, 672 F.3d at 1224; *see also* WRIGHT & MILLER, 15B FED. PRAC. & PROC. JURIS. § 3916. And our court of appeals has also endorsed this approach, explaining in *Orlando Residence, Ltd. v. Nelson*, 2013 WI App 81, ¶¶10–11, 348 Wis. 2d 565, 834 N.W.2d 416, that it provides helpful guidance that is missing from our existing case law and the text of § 808.03(1).

¶50 There are several reasons why, in a future case, we should take a similar tack and hold that post-judgment orders are final so long as they resolve the issue that kicked off the post-judgment litigation and no other related matters remain pending. For starters, doing so would provide much needed clarity to the finality analysis under § 808.03(1). Instead of trying to determine whether a post-judgment order resolves all "substantive" issues between the parties, courts can more readily identify the point at which the issues that gave rise to the post-judgment litigation are resolved, and whether any related issues remain pending. In this case, for example, David's motion to modify maintenance began this round of post-judgment litigation, and the circuit court's May 24, 2023 order denied that motion. No other related issues were pending at that time. Thus, the order would be final. And that would be true even if other unrelated and potentially "substantive" issues like Karen's motion to recover attorneys'

fees for overtrial were pending when the order was issued.[3] *See, e.g.,* *Tweedle v. State Farm Fire & Cas. Co.*, 527 F.3d 664, 667–69 (8th Cir. 2008) (explaining that a post-judgment decision may be final even if factually and legally unrelated issues are left pending at the time it is issued).

¶51    Additionally, this approach ensures that there is prompt appellate review of post-judgment decisions. As courts and commentators recognize, if the finality of every post-judgment order depends on the resolution of every other conceivable post-judgment issue, there is a real risk that appellate review may be delayed indefinitely, if it's available at all. *See Amara*, 53 F.4th at 254–55; WRIGHT & MILLER, *supra*, § 3916. The range of post-judgment issues that might arise is vast, and could come up at any time. Without a clear end point to post-judgment litigation, "there is little prospect that further proceedings will occur to make them final . . . ." WRIGHT & MILLER, *supra*, § 3916. That is why the majority opinion correctly observes that we should "disfavor an understanding of finality that frustrates the efficient administration of justice by indefinitely extending litigation . . . ." Majority op., ¶33.

---

[3] I acknowledge that adopting this approach may sometimes result in multiple post-judgment appeals in a single case. In this case, for example, it could result in two separate appeals: one from the denial of the maintenance modification and another from the overtrial decision. But as the federal courts have observed, "traditional concerns regarding piecemeal review carry less force" after judgment. *United States v. Yalincak*, 853 F.3d 629, 636 (2d Cir. 2017). The reasons for that are three-fold. First, permitting more immediate appellate review after judgment reduces delays that would result if any appeal had to wait for factually and legally unrelated issues to be resolved. *See* WRIGHT & MILLER, *supra*, § 3916. Second, there is little risk that immediate appellate review of a factually and legally discrete issue will interfere with unrelated ongoing circuit court proceedings or lead to repetitive consideration of the same issues on appeal. *See id.* And third, both circuit courts and the court of appeals have tools at their disposal to minimize piecemeal review. Circuit courts can organize proceedings to ensure that as many post-judgment issues as possible are resolved in each final order, thus resulting in fewer appeals that encompass multiple issues. And the court of appeals can consolidate separate appeals to reduce duplicative work by the court or the parties. *See* WIS. STAT. § (Rule) 809.10(3).

¶52    Finally, evaluating finality in this way is consistent with the practical, flexible approach we have taken in our cases interpreting § 808.03(1) outside of the setting of litigation on the merits. Our cases addressing the finality of orders resolving special proceedings and post-judgment foreclosure issues have treated decisions that did not necessarily conclude all conceivable litigation between the parties as final. *See, e.g.*, *Sanders*, 310 Wis. 2d 175, ¶28; *Anchor Savings & Loan*, 148 Wis. 2d at 101–02. What mattered in these cases was that the orders being appealed from conclusively resolved issues that were legally and factually separable from any unrelated or ancillary issues then pending or that might be raised in the future. *See Sanders*, 310 Wis. 2d 175, ¶28; *Anchor Savings & Loan*, 148 Wis. 2d at 104. Many post-judgment orders work in the same way, resolving standalone issues raised by the filing of a motion. If unrelated issues are pending at the time the order is issued, or might be brought up at some uncertain point in the future, that shouldn't render such an order non-final.

¶53    In sum, in an appropriate case, we should consider whether to adopt the approach taken by the federal courts and our court of appeals, and hold that a post-judgment order is final for purposes of appeal if it conclusively resolves the issues that kicked off the post-judgment proceeding and no other related issues remain pending.

II

¶54    Another way we might improve our analysis of finality under § 808.03(1) is by joining the federal courts and adopting a bright-line rule that pending attorneys' fees claims do not undermine finality, regardless of the legal authority for such an award.

¶55    To understand why, it is helpful first to identify the various sources of legal authority for attorneys' fee awards. Sometimes, contractual or statutory fee-shifting provisions entitle a party who prevails on the merits to recover her attorneys' fees. *See, e.g.*, 42 U.S.C. § 1988(b) (authorizing the recovery of reasonable attorneys' fees by prevailing parties in civil-rights cases); WIS. STAT. § 19.37(2)(a) (stating that public records requesters who "prevail[] in whole or in part" in a mandamus action are entitled to reasonable attorneys' fees). Other times, attorneys' fees may be recoverable as compensatory damages. *Stewart v. Farmers Ins. Grp.*, 2009 WI App 130, ¶14, 321 Wis. 2d 391, 773 N.W.2d 513 (explaining that attorneys' fees can be an element of damages for the tort of bad faith). Additionally, attorneys' fees are sometimes available as a sanction for

misconduct during litigation. *See Schultz v. Sykes*, 2001 WI App 255, ¶47, 248 Wis. 2d 746, 638 N.W.2d 604.

¶56 Currently, our case law suggests that finality should be assessed differently depending on the legal authority for an outstanding claim for attorneys' fees. When it comes to attorneys' fees pursuant to a fee-shifting statute, we have said that "[l]ongstanding Wisconsin law provides that the pendency of [such] a claim for attorneys fees . . . does not affect the finality of a judgment . . . ." *Admiral Ins. Co*, 339 Wis. 2d 291, ¶33. Yet we have not applied this same rule to pending claims for attorneys' fees that arise under contract, or as damages or sanctions. On the contrary, we have suggested that when a pending claim for attorneys' fees rests on "contractual right[s]," or involves a "'substantive issue that require[s] briefing by both of the parties,'" that may render an otherwise final order or judgment non-final. *See id.* ¶¶34–35 (quoting another source).

¶57 The U.S. Supreme Court, by contrast, held in a series of cases that pending claims for attorneys' fees do not undermine finality, regardless of the legal authority for the claim. The first of these cases, *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988), held that a judgment was final even though a motion for attorneys' fees was pending at the time it was entered. *See id.* at 201–02. In doing so, the Court emphasized that its holding did not turn on whether the fees were characterized as costs, or as part of the merits, since "[c]ourts and litigants are best served by the bright-line rule . . . that a decision on the merits is a 'final decision' . . . whether or not there remains for adjudication a request for attorney's fees attributable to the case." *Id.* at 202–03 (quoting 42 U.S.C. § 1291). Since *Budinich*, the Supreme Court has reinforced this bright-line rule, emphasizing that it applies with equal force when the outstanding fee issue is premised on a contract. *See Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emps.*, 571 U.S. 177, 184 (2014). In doing so, the Court again stressed the importance of "operational consistency and predictability" in the finality-for-appeal-purposes analysis, explaining that consistency and predictability are "not promoted by providing for different jurisdictional effect to . . . decisions that leave unresolved otherwise identical fee claims based solely on whether the asserted right to fees is based on contract or a statute." *Id.* at 186.

¶58 The federal courts of appeals have extended this bright-line rule to sanctions motions left pending at the time an otherwise final

judgment is entered. *See, e.g., Jackson v. Cintas Corp.*, 425 F.3d 1313, 1316 (11th Cir. 2005) (explaining that "every circuit that has considered this issue has held that the pendency of a motion for sanctions after a dismissal on the merits does not bar appellate jurisdiction"). As these courts have explained, attorneys' fees are often available as sanctions. And there is no meaningful difference for finality purposes between an outstanding request for attorneys' fees as a sanction, and any other pending claim for attorneys' fees. *See Armisted v. State Farm Mut. Auto. Ins. Co.*, 675 F.3d 989, 993–94 (6th Cir. 2012); *Cooper v. Salomon Bros.*, 1 F.3d 82, 85 (2d Cir. 1993). That is because attorneys' fees awarded as a sanction, just like those awarded under contract or a fee-shifting provision, are separate from the underlying merits. *See Cooper*, 1 F.3d at 85. Accordingly, an outstanding motion for sanctions that seeks to recover attorneys' fees, like motions for attorneys' fees based on fee-shifting statutes or contractual provisions, does not affect the finality of an otherwise appealable judgment. *See* WRIGHT & MILLER, *supra*, § 3195.6.

¶59 Adopting a similar rule in Wisconsin would improve consistency and predictability in the application of § 808.03(1), as this case illustrates. As the majority opinion explains, the central question in this case is whether Karen's anticipated motion for overtrial—a motion that sought to recover attorneys' fees as a sanction—rendered the circuit court's May 24, 2023 order non-final. *See* Majority op., ¶31; *see also Zhang v. Yu*, 2001 WI App 267, ¶13, 248 Wis. 2d 913, 637 N.W.2d 754 (explaining that overtrial is a sanction for which the remedy is attorneys' fees). But if we applied the bright-line rule adopted by the federal courts, this question would be easy. The order would be final even if Karen's overtrial motion was pending at the time circuit court's May 24, 2023 order was issued. The overtrial motion, like any other pending motion for attorneys' fees, would not undermine the finality of the circuit court's otherwise final decision.

III

¶60 Adopting these two proposed changes to our existing method of determining finality could help clarify our analysis of finality under § 808.03(1). Nevertheless, doing so is not necessary to resolve this case. As the majority opinion correctly explains, the circuit court's May 24, 2023 order was final for purposes of appeal. It fully disposed of all outstanding issues regarding David's request to modify his maintenance obligations under the judgment of divorce, and Karen had not yet filed her overtrial motion. In other words, the May 24 order "dispose[d] of the

entire matter in litigation," as defined by § 808.03(1) and was thus final. Accordingly, I join the majority opinion and respectfully concur.

BRIAN HAGEDORN, J., with whom REBECCA GRASSL BRADLEY, J., joins, dissenting.

¶61     This case concerns the technical but important question of when a circuit court order is final for purposes of appeal. The majority fairly summarizes the law, but then fails to follow it in this case. In so doing, it risks adding more confusion to an area of the law that can ensnare even the most seasoned of litigators. I respectfully dissent.

¶62     I begin with the law. Litigants can appeal as a matter of a right following a "final judgment or a final order of a circuit court." WIS. STAT. § 808.03(1) (2021-22).[1] And a judgment or order is final when it "disposes of the entire matter in litigation as to one or more of the parties." *Id.*

¶63     So how do we know the order in this case "disposes of the entire matter in litigation?" Our cases tell us that the answer must be found in the text of the order itself. *Harder v. Pfitzinger*, 2004 WI 102, ¶¶12-13, 274 Wis. 2d 324, 728 N.W.2d 398. This means litigants and courts should not ordinarily resort to transcripts or other portions of the record to determine when an order is final; they should focus on what the written order says. And to make it even clearer for the bench and bar, we have required circuit courts to include a finality statement on the face of the order stating that "it is final for the purpose of appeal." *Wambolt v. West Bend Mut. Ins. Co.*, 2007 WI 35, ¶50, 299 Wis. 2d 723, 728 N.W.2d 670.

¶64     The presence or absence of a finality statement is not dispositive, however. If the order does not include a finality statement, it can still be final for purposes of appeal if it unambiguously disposes of all substantive matters in the litigation. *Admiral Ins. Co. v. Paper Converting Mach. Co.*, 2012 WI 30, ¶29, 339 Wis. 2d 291, 811 N.W.2d 351. Similarly, if the order clearly does not resolve all substantive issues in the litigation, it is not a final order for purposes of appeal even if it says it is. *Wambolt*, 299 Wis. 2d 723, ¶46 n.19.

---

[1] All subsequent references to the Wisconsin Statutes are to the 2021-22 version unless otherwise indicated.

¶65    But orders are not always clear, especially when they do not contain the finality statement this court has mandated. In such situations, any lack of clarity must be construed "to preserve the right of appeal." *Admiral*, 339 Wis. 2d 291, ¶36. It is not enough if "the language of the document only arguably disposes of the entire matter in litigation." *Id.*, ¶27. Indeed, "absent explicit language that the document is intended to be the final order or final judgment for purposes of appeal, appellate courts should liberally construe ambiguities to preserve the right of appeal." *Wambolt*, 299 Wis. 2d 723, ¶46. Thus, our cases impose a high standard for clarity about the finality of circuit court orders, buttressed by our mandate that final orders say they are such on their face. Our rules should be straightforward; the obligation to appeal on a timely basis should not be a procedural trap for litigants or courts.

¶66    Yet in this case, the majority muddies the waters. Our analysis must focus on the circuit court's May 24 Order, which did not contain a finality statement. The Order explains its conclusions in a series of factual and legal findings. The dispute in this case centers on Finding 17, which states in full:

> Karen requested a contribution from David to attorney's fees regarding the Motion to Compel Order. The Court believes awarding attorney fees through the point of the Order on the Motion to Compel is appropriate. As to Karen's request for contribution to attorney fees for overtrial, the Court presently has insufficient information to address that issue and Karen will file a separate Motion on this issue.

¶67    This says rather plainly that a motion for overtrial was expected. And logically, the parties would expect such a motion to be litigated and decided. Moreover, the parties do not dispute that overtrial is a substantive issue.[2] Thus, the language of the Order at least arguably reflects that a matter of substantive law remained between the parties.

---

[2] As the majority notes, we have held that certain attorney fee-shifting claims do not affect the appealability of a judgment that is otherwise final. Majority op., ¶31. The parties agree that a claim for overtrial is different. *See Zhang v. Yu*, 2001 WI App 267, ¶¶ 13-14, 248 Wis. 2d 913, 637 N.W.2d 754 (explaining that overtrial is a sanction rooted in the court's inherent authority, and is not limited to an award of attorney fees).

Accordingly, our cases instruct that the May 24 Order must be construed liberally to preserve David's right to appeal.

¶68    The majority sidesteps this straightforward application of the law by ignoring what the Order actually says. Nowhere in the majority will you find an interpretation of Finding 17. It barely even mentions it. Instead of wrestling with the text, the majority focuses on a heretofore unrecognized inquiry—namely, whether motions relating to the remaining substantive matter had been filed. Majority op., ¶32. The majority reasons that because the maintenance issue was resolved by the May 24 Order and Karen had yet to file her overtrial motion, the May 24 Order must have been final.

¶69    It is true that the promised overtrial motion had not yet been filed; it came nine days later.[3] But whether a motion was "before the court"—as the majority terms it—is beside the point, and could sow further confusion into this area of law. Nothing in the statutes or in our cases suggests a motion must be "before the court" at the time in order to be a live issue between the parties. Quite the contrary. The governing statute says the judgment or order is only final when it "disposes of the *entire matter in litigation*." WIS. STAT. § 808.03(1) (emphasis added). It follows that an order is not final if matters in litigation are yet to be resolved; this is true whether the necessary motions on those matters are before the court for decision or not.

¶70    So how does the majority justify this newfound reliance on whether the motion was "before the court" at the time? It resorts to a policy argument. The majority worries that if a motion is not before the court in a circumstance like this, a litigant could choose not to file the relevant motion and "keep the entire matter in litigation open . . . indefinitely." Majority op., ¶33. This concern is both unwarranted and irrelevant. The worry is unwarranted because if a party fails to pursue a remaining claim, the opposing party can ask the court to issue a final order. Parties raise and drop issues all the time. In any event, the majority's policy concern is irrelevant because whether Karen could

---

[3] The overtrial motion was filed on June 2, 2023. The court held a hearing on June 28, 2023, and entered an order on the overtrial motion on August 28, 2023. David filed his notice of appeal a few days later on September 1, 2023.

have failed to follow through on her claim for overtrial is not enough to override the text of the May 24 Order—which, again, does not say it is final and does arguably state that overtrial remained an issue the parties intended to litigate.

¶71    In sum, our cases require us to focus on the text of the order to determine its finality. The text of this Order at least arguably leaves the issue of overtrial as a matter of ongoing litigation. The parties concede overtrial is a substantive issue. The Order also failed to include the required finality statement, and any ambiguity in the Order must be read in favor of preserving David's right to appeal. Applying these principles, the May 24 Order in this case should not be construed as final for purposes of appeal. Because the majority errs in concluding otherwise, I respectfully dissent.