ANCHOR SAVINGS & LOAN ASSOCIATION, a
Wisconsin Corporation, Plaintiff-Respondent-
Petitioner,

v.

Patrick E. COYLE, Defendant-Appellant,†

Peter M. NICHOLS, a/k/a Peter Nichols, a/k/a
Peter L. Nichols; The Park Bank, a Wisconsin
Banking Corporation; The City of Madison,
Wisconsin, a Municipal Corporation; and
Robert Herman, d/b/a Herman Landscape
Service, Defendants.

Supreme Court

*No. 86-0487. Argued January 3, 1989.—Decided February 14,
1989.*

(Also reported in 435 N.W.2d 727.)

† Motion for reconsideration denied March 23, 1989.

For the plaintiff-respondent-petitioner there was a brief by *Jeffrey L. Landsman* and *Wheeler, Van Sickle & Anderson, S.C.,* Madison, and oral argument by *Mr. Landsman.*

For the defendant-appellant there were briefs (in court of appeals) by *Donald B. Bruns* and *Bruns Law Office,* Madison, and oral argument by *Mr. Bruns.*

WILLIAM A. BABLITCH, J. Anchor Savings and Loan Association (Anchor) seeks review of a court of appeals' decision vacating a January 22, 1986, trial

court order which confirmed a sheriff's sale in a foreclosure action and modified a previous order for deficiency judgment against Patrick E. Coyle (Coyle). The following issues are presented for review: (1) Was the previous order, dated July 29, 1985, a "final order?" (2) If the July 29, 1985, order was a final order, did the trial court lose competency to exercise its jurisdiction to subsequently modify the order on January 22, 1986? We conclude that the July 29, 1985, order was final, but further conclude that the trial court had competency to exercise its discretion to modify the order. Accordingly, we reverse the court of appeals.

In April, 1984, Anchor commenced the foreclosure action against Coyle and Peter Nichols, co-owners of the mortgaged property. On October 10, 1984, the trial court granted Anchor a default judgment. The judgment determined the amounts due Anchor, directed the sheriff to sell the mortgaged premises, and appointed an officer of Anchor to serve as receiver. The judgment also provided that Anchor could pay the taxes, insurance premiums, and necessary repairs accruing after the judgment and add those amounts to the foot of the judgment at any time prior to the confirmation of sale. Finally, at the suggestion of the trial court, the judgment left open the question of Anchor's entitlement to a deficiency judgment, "subject to the further order of this court."

The sheriff's sale was held on December 18, 1984. The property was sold by the sheriff to Anchor, the sole bidder, for the sum of $44,000.00. On December 31, 1984, Anchor moved the court to amend the judgment of foreclosure and sale *nunc pro tunc* to provide an order for a deficiency judgment against Coyle. At the same time, Anchor moved for confirmation of the sheriff's sale, for an order requiring the clerk of circuit court to

deliver the sheriff's deed to Anchor upon confirmation of the sale, for approval of the receiver's account and discharge, and for entry of deficiency judgment against Coyle in the net amount of $9,522.53. This amount was arrived at by adding to the foreclosure judgment certain sheriff's fees, publication costs, attorney fees, costs and disbursements, the 1982 and 1983 delinquent real estate taxes, interests and penalties, and deducting the sale price. To this amount the balance of $672.74 in the receiver's account was credited, for a net deficiency of $9,522.53.

At a hearing on the motion on January 10, 1985, no testimony was taken but the parties argued on the basis of the record whether Anchor had waived its right to a deficiency judgment. On July 29, 1985, the court issued a "DECISION AND ORDER" granting Anchor's motion to confirm the sheriff's sale and to amend the foreclosure judgment, ordering a deficiency judgment in the amount of $9,522.53 against Coyle. The court did not address Anchor's motion for approval of the receiver's account and discharge of the receiver.

On August 19, 1985, Coyle filed a motion under sec. 806.07, Stats., for relief from the July 29, 1985, order. Anchor then filed additional motions requesting a new deficiency determination including interest, attorney fees, taxes, and other expenses incurred since the December 31, 1984, motion.

A hearing was held on December 30, 1985. At the outset, the trial court recognized that it may have mistakenly determined the amount of costs in the July 29, 1985, order, and evidence was therefore received as to the appropriate amount of the deficiency. The court then orally modified its decision of July 29, 1985, reaffirming that portion where it concluded that a deficiency judgment was appropriate, but changing the

amount of the deficiency. On January 22, 1986, the court entered an "ORDER CONFIRMING SALE AND FOR DEFICIENCY JUDGMENT," denying Coyle's motion for relief from judgment, confirming the sheriff's sale, and ordering that a deficiency judgment be entered by the clerk against Coyle in the amount of $26,295.03. The order also approved the receiver's account, and discharged the receiver. A document denominated a judgment and incorporating the order was entered the same day.

Coyle appealed, arguing that the January 22, 1986, deficiency modification was improperly calculated, and that the trial court erred in approving the receiver's account. The court of appeals *sua sponte* directed the parties to brief the following additional issues: (1) Was the order of July 29, 1985, a final order? (2) If so, did the trial court have competency to exercise its jurisdiction to enter the order and judgment of January 22, 1986? (3) If the trial court lacked competency to exercise its jurisdiction to enter the January 22, 1986, order and judgment, could Coyle waive that lack of competency?

After consideration of the additional issues, the court of appeals vacated the trial court's January 22, 1986, order and judgment. The court of appeals held that the July 29, 1985, order was a final order, and that pursuant to sec. 805.17(3), Stats., the trial court lost jurisdiction over the foreclosure proceeding when it failed to amend the July 29, 1985, order within ten days after its entry. We granted Anchor's petition for review on May 10, 1988.

The issues relating to whether the July 29, 1985, order was a final order, and the authority of the trial court to subsequently modify the order on January 22, 1986, present questions of law. We will decide these

questions independently of the lower courts' decisions. *Ball v. District No. 4, Area Board,* 117 Wis. 2d 529, 537, 345 N.W.2d 389 (1984).

We agree with the court of appeals that the July 29, 1985, order was a final order. However, we disagree that the trial court lost the capacity to later amend the order. We conclude that Coyle invoked the discretion of the trial court to open the matter by moving for relief under sec. 806.07, Stats., as to the amount of the deficiency. Once the trial court had authority to amend the July 29, 1985, order under sec. 806.07, it had the power to correct it to the disadvantage of Coyle as well as to its advantage. We therefore reverse the decision of the court of appeals vacating the January 22, 1986, order and judgment.

We turn first to the issue whether the order entered July 29, 1985, was a "final order." Section 808.03(1), Stats., provides that a final judgment or order is one "which disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding." As explained in D. Walther, P. Grove, & M. Heffernan, *Appellate Practice and Procedure in Wisconsin,* sec. 4.3 (1986), this statutory definition includes judgments or orders which terminate the litigation on the merits and leave nothing to be done but to enforce by execution what has been determined.

██ Case law relating to what constitutes a final judgment or order generally poses two questions: (1) whether the order or judgment, as a matter of substantive law, disposes of the entire matter in litigation as to one or more of the parties, and (2) whether the circuit court contemplated a further document which would

dispose of the case. *Radoff v. Red Owl Stores, Inc.,* 109
Wis. 2d 490, 494, 326 N.W.2d 240 (1982).

The court of appeals correctly observed that as a
matter of substantive law, Wisconsin statutes provide
for a foreclosure action that has two steps: the judgment
of foreclosure and sale, and the proceedings after the
judgment. *Shuput v. Lauer,* 109 Wis. 2d 164, 171, 325
N.W.2d 321 (1982). The first step, the judgment of
foreclosure and sale, "determines the default, the right
of mortgagee to realize upon the security, the time and
place of sale of the security and the notice required, and
the right of the mortgagee to judgment of deficiency."
*Id.* We stated in *Shuput* that the judgment of foreclo-
sure and sale disposes of the entire matter in litigation
and is a final judgment appealable as a matter of right
under sec. 808.03(1), Stats. *Id.* at 172. The proceedings
after the judgment of foreclosure, i.e., the sale itself,
judicial confirmation, and the computation of the
deficiency, "are analogous to the execution of a judg-
ment and simply enforce the parties' rights which have
been adjudicated. ..." *Id.* at 173.

Confirmation of the sale under sec. 846.165, Stats.,
is the last judicial act in a foreclosure action. "A
sheriff's sale on foreclosure requires court approval;
until the sale is confirmed, the foreclosure action is not
completed." *Family S. & L. v. Barkwood Landscaping
Co., Inc.,* 93 Wis. 2d 190, 205, 286 N.W.2d 581 (1980).
We have indicated that the order confirming sale is also
a final order appealable as of right under sec. 808.03(1),
allowing the appellant to challenge the proceedings
after the judgment of foreclosure and sale. *Shuput* at
172.

Therefore, as a matter of substantive law, the order
entered July 29, 1985, was final as to both stages of the

foreclosure action. The July 29, 1985, order was final as to the first step of the action in that it amended the existing judgment of foreclosure and sale to direct that judgment be rendered for the deficiency. The July 29, 1985, order also confirmed the sale and was thus a final order as to the proceedings after the judgment of foreclosure.

Anchor argues that when a deficiency judgment is sought, sec. 846.04, Stats., requires that such a judgment be "separately rendered against the party liable on or after the coming in and confirmation of the report of sale. ..." Anchor contends that the order of July 29, 1985, did not render a deficiency judgment, but merely ordered that a judgment be entered against Coyle. Thus, they argue a further document was forthcoming, and the July 29, 1985, order was not a final judgment or order disposing of the entire matter in litigation. We disagree.

■

If the complaint demands a judgment for a deficiency, the cases decided under sec. 846.04, Stats., are in accord that the entry of the judgment for deficiency is clerical and ministerial. In *Shuput,* 109 Wis. 2d at 172–73 (quoting *Witter v. Neeves,* 78 Wis. 547, 549–50, 47 N.W. 938 (1981)), we stated:

> The meaning of this [foreclosure] statute is perfectly clear. The court makes a full and final adjudication of everything, even to the order for the entry of the judgment for the deficiency by the clerk on confirmation of the report of the sale. The court has nothing further to do than the confirmation of the report of the sale. It is a final determination of the court of the rights of the parties. The entry of the judgment for deficiency, and docketing it, is minis-

terial and clerical, *pro forma,* and as a matter of course.

Thus, the court at the time the July 29, 1985, order was entered had nothing further to do regarding the foreclosure action. The failure of the clerk to perform the ministerial, clerical, and *pro forma* task of entry of a deficiency judgment did not deprive the judgment of foreclosure or the order confirming the sale of its finality.

Moreover, we conclude that the trial court contemplated the July 29, 1985, order to be a final order at the time it was entered. The trial court's contemplation is established by looking at the language of the document. *Radoff,* 109 Wis. 2d at 493. Here, the document was entitled "DECISION AND ORDER." The document did not merely grant a motion. Rather, the document amended the existing judgment of foreclosure to order a deficiency judgment, confirmed the sheriff's sale and calculated a deficiency amounting to $9,522.53 against Coyle.

The trial court's order was consistent with the parties' agreement that the issue of Anchor's entitlement to a deficiency judgment would be left open until the confirmation of sale. Although perhaps irregular, the procedure was intended to allow the amendment of the existing judgment to provide Anchor a deficiency against Coyle in the event a deficiency was reported upon confirmation of the sale. Upon the report of the deficiency, the trial court fully carried out the intention of the parties. There is nothing to indicate the trial court contemplated that another document was forthcoming.

We agree with the court of appeals that the failure of the July 29, 1985, order to dispose of Anchor's motion to allow the receiver's account and to discharge the receiver is not dispositive. We need not consider whether failure to dispose of a matter ancillary to, but not part of, the foreclosure proceedings deprives an order confirming the sale of its finality. Furthermore, as the court of appeals noted, the effect of the trial court's order was to allow the receiver's account. Accordingly, we conclude that the July 29, 1985, order was a final order.

We turn now to the issue whether the trial court had competency to exercise its jurisdiction to subsequently modify the July 29, 1985, order. The court of appeals stated that although a trial court may have subject matter jurisdiction to entertain actions of any nature whatsoever, it may lose the capacity to exercise its jurisdiction upon the expiration of mandatory time limits imposed by statute. *See Jansen Co. v. Milwaukee Area Dist. Board,* 105 Wis. 2d 1, 10, 312 N.W.2d 813 (1981). The court of appeals determined that sec. 805.17(3), Stats., cited below,[1] imposed a mandatory 10 day time limit upon the amendment by the trial court of its judgments or orders. Therefore, it concluded that the trial court lost competency to exercise its jurisdiction when it failed to amend the July 29, 1985, order within 10 days as required by sec. 805.17(3).

We need not decide what application, if any, the statutory time limits of sec. 805.17(3), Stats., had on the January 22, 1986, modification. Even assuming for the sake of argument that sec. 805.17(3) imposed such a

[1]Section 805.17(3), Stats., provides in part: "Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly."

time limit on these proceedings, we conclude that Coyle invoked the jurisdiction of the trial court to open the matter by moving for relief under sec. 806.07, Stats., cited below.[2]

Section 806.07, Stats., provides the trial court with discretion to grant relief from a judgment or order for stated reasons. The court of appeals concluded that sec. 806.07 relief was inappropriate in this case because Anchor had requested the trial court to re-examine its July 29, 1985, order under the mortgage foreclosure statutes, rather than under sec. 806.07.

---

[2] **806.07 Relief from judgment or order. (1)** On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

    (a)   Mistake, inadvertence, surprise, or excusable neglect;

    (b)   Newly-discovered evidence which entitles a party to new trial under s. 805.15(3);

    (c)   Fraud, misrepresentation, or other misconduct of an adverse party;

    (d)   The judgment is void;

    (e)   The judgment has been satisfied, released or discharged;

    (f)   A prior judgment upon which the judgment is based has been reversed or otherwise vacated;

    (g)   It is no longer equitable that the judgment should have prospective application; or

    (h)   Any other reasons justifying relief from the operation of the judgment.

    **(2)**   The motion shall be made within a reasonable time, and, if based on sub. (1)(a) or (c), not more than one year after the judgment was entered or the order or stipulation was made. A motion based on sub. (1)(b) shall be made within the time provided in s. 805.16. A motion under this section does not affect the finality of a judgment or suspend its operation. This section does not limit the power of a court to entertain an indepedent action to relieve a party from judgment, order, or proceeding, or to set aside a judgment for fraud on the court.

While it is true that Anchor did not move for relief under sec. 806.07, Stats., there is no dispute that Coyle did. By seeking relief under that statute, Coyle invoked the discretion of the trial court to open the matter. *See Wegner v. Chicago & N.W. R. Co.,* 262 Wis. 402, 408, 55 N.W.2d 420 (1952). Once Coyle invoked the trial court's discretion under sec. 806.07 to amend the decision, the court had the power to correct it to the disadvantage of Coyle as well as to its advantage. *See Family S. & L.* 93 Wis. 2d at 201. (quoting *Barrock v. Barrock,* 257 Wis. 565, 569, 44 N.W.2d 527 (1950)). Accordingly, there was no jurisdictional requirement that Anchor file its own sec. 806.07 motion.

We do not agree with Coyle's argument that *Marriage of Schinner v. Schinner,* 143 Wis. 2d 81, 420 N.W.2d 381 (Ct. App. 1988), stands for the proposition that under the present facts the failure of Anchor to raise a "manifest error" within the 10 day period of sec. 805.17(3), Stats., constitutes waiver of the right to have such an issue considered on appeal. The court in *Schinner* expressly declined to address "the question of whether the trial court may, in its discretion, grant equivalent relief by way of a motion for reconsideration or pursuant to sec. 806.07, Stats." *See Schinner,* 143 Wis. 2d at 93 n. 4.

In granting relief under sec. 806.07, Stats., this court will uphold the trial court's ruling unless there has been a clear abuse of discretion. *State ex rel. M.L.B. v. D.G.H.,* 122 Wis. 2d 536, 541, 363 N.W.2d 419 (1985). Here, the record supports the conclusion that the trial court modified its July 29, 1985, order on the grounds of mistake, as permitted by sec. 806.07(1)(a). As mentioned, the court acknowledged at the outset of the

hearing on December 30, 1985, that it may have mistakenly determined the amount of the deficiency in the July 29, 1985, order. The original judgment of foreclosure and sale provided that all sums advanced by Anchor for taxes, insurance premiums, and necessary repairs after the judgment could be added to the foot of the judgment at any time prior to the confirmation of the sale. However, the trial court's July 29, 1985, order was entered confirming the sale and calculating the deficiency without affording either party the opportunity to be heard or present evidence on those issues. Thus, the amount of the deficiency requested in the application for confirmation filed prior to the January 10, 1985, hearing was incorrect at the time the court entered its order confirming the sale on July 29, 1985. The hearing on December 30, 1985, provided the evidence concerning the calculation of the deficiency, and we cannot conclude that the trial court abused its discretion in amending its July 29, 1985, order to reflect the correct amount.

*By the Court.*— The decision of the court of appeals is reversed.