COMMUNITY NATIONAL BANK, Plaintiff-Appellant,

v.

Margaret G. O'NEILL, f/k/a Margaret G. Prager, Frederick William Prager, a/k/a Frederick W. Prager, a/k/a Fred Prager, and Marlys J. Prager, his wife, as individuals and d/b/a Prager Farms, and United States of America, a sovereign entity, through Farmers Home Administration, Defendants-Respondents,

COMMODITY CREDIT CORPORATION, a farm funding corporation, Payne & Dolan, Inc., a Wisconsin corporation, and The Federal Land Bank of St. Paul, Defendants.

Court of Appeals

*No. 90-0615. Submitted on motion to dismiss May 16, 1990.—Decided June 27, 1990.*

(Also reported in 458 N.W.2d 385.)

On behalf of the defendants-respondents, a motion to dismiss was filed by *Dona J. Merg* of *DeWitt, Porter, Huggett, Schumacher & Morgan, S.C.* of Madison.

On behalf of the plaintiff-appellant, a response to the motion to dismiss was filed by *Ross A. Anderson* and *Jeffrey P. Aiken* of *Frisch Dudek, Ltd.* of Milwaukee.

Before Nettesheim, P.J., Scott, J., and Circuit Judge Daniel P. Anderson, acting.

PER CURIAM.   In a different appeal, the Community National Bank (CNB) has appealed a judgment of foreclosure in its favor determining its fourth priority position. In this appeal, CNB appeals an order confirming a sheriff's sale. The respondents move to dismiss this appeal on the ground that the circuit court had authority under secs. 808.07(1) and 808.075(1), Stats., to confirm

the sheriff's sale while an appeal was pending. Upon consideration of the motion and CNB's response, and construing the respondents' motion as a motion for summary disposition under Rule 809.21, Stats., this court summarily affirms the order confirming the sheriff's sale.

CNB commenced this foreclosure action after O'Neill defaulted on several notes. The Federal Land Bank of St. Paul (FLB) was a secured party and was named as a defendant. Upon FLB's counterclaim and cross-claim asserting a first priority lien, a judgment of foreclosure was entered in favor of FLB on December 29, 1988. Following additional motions, a judgment of foreclosure was entered in favor of CNB on September 19, 1989. That judgment incorporated an earlier decision regarding the priorities among several secured parties and is the subject of appeal no. 89-2047.

A sheriff's sale was set for March 6, 1990. On February 19, 1990, CNB moved this court in appeal no. 89-2047 to stay the sale. The stay was denied by an order of March 1, 1990. The sale was held and O'Neill was the purchaser. On March 21, 1990, the sale was confirmed by the circuit court and the clerk was ordered to deliver a sheriff's deed to O'Neill upon payment.

The issue on appeal from the order confirming the sale is whether the circuit court had authority under sec. 808.075, Stats., to confirm the sheriff's sale while an appeal of the case was pending. The respondents move to dismiss on the ground that the circuit court had jurisdiction. Thus, they seek a resolution of the merits of the appeal. We construe the motion as one for summary disposition under Rule 809.21, Stats. Because the memos of the parties adequately address the issue and the question presented is a question of law, we conclude the case is appropriate for summary disposition.

246

The respondents first argue that the appeal should be dismissed because we have already confirmed the circuit court's authority to act pending appeal by denying CNB's motion to stay the sale. We reject this contention. Our order denying the stay did not consider or decide the issue at hand.

Both parties look to sec. 808.075(1), Stats., in support of their positions. That section provides: "In any case, whether or not an appeal is pending, the circuit court may act under ss. 804.02(2), 805.15, 805.16, 805.17(3), 806.07, 806.08, 806.15(2), 806.24(4), *808.07(1) and (2)* and 809.12." Sec. 808.075(1) (emphasis added). Section 808.07(1) provides: "An appeal does not stay the execution or enforcement of the judgment or order appealed from except as provided in this section or as otherwise expressly provided by law."

CNB argues that under sec. 808.07(1) and (2), Stats., the circuit court is only authorized to grant a stay pending appeal. CNB's argument renders the reference in sec. 808.075(1), Stats., to sec. 808.07(1) superfluous. Section 808.07(2) specifically authorizes the authority of the court to grant a stay pending appeal. Under CNB's argument, a reference to sec. 808.07(1) would not be necessary because the reference to sec. 808.07(2) addresses the court's authority to stay proceedings. Thus, the reference to sec. 808.07(1) does more than authorize the grant of a stay pending appeal.

We conclude that sec. 808.07(1), Stats., authorizes the court to act in aid of execution of a judgment. That section makes clear that an appeal does not stay the execution or enforcement of a judgment. If the circuit court cannot take action necessary to execute a judgment, then the appeal has effectively created a stay.

In Wisconsin a foreclosure action has two steps: the judgment of foreclosure and sale, and the proceedings after the judgment. *Anchor Sav. & Loan Ass'n v. Coyle,* 148 Wis. 2d 94, 101, 435 N.W.2d 727, 729 (1989). The unique two-step process may give rise to two appeals because the judgment of foreclosure and sale and the subsequent order confirming the sale are appealable as of right. *Id.* at 101, 435 N.W.2d at 729-30. Moreover, "[t]he proceedings after the judgment of foreclosure, i.e., the sale itself, judicial confirmation, and the computation of the deficiency, 'are analogous to the execution of a judgment and simply enforce the parties' rights which have been adjudicated.' " *Id.* at 101, 435 N.W.2d at 730 (*quoting Shuput v. Lauer,* 109 Wis. 2d 164, 173, 325 N.W.2d 321, 326 (1982)). It has further been noted that the sale is not complete until confirmed and that in a foreclosure proceeding the court retains its inherent equitable authority to review and supervise the proceeding. *Family Sav. & Loan Ass'n v. Barkwood Landscaping Co.,* 93 Wis. 2d 190, 205-06, 286 N.W.2d 581, 588 (1980). Thus, the sheriff's sale and the confirmation of the sale, as an execution of the judgment of foreclosure, are acts authorized under secs. 808.07(1) and 808.075(1), Stats.

CNB argues that the circuit court acted in excess of mere execution of the judgment when it valued O'Neill's previously unknown and undecided land contract interest and approved the receiver's account. We disagree. The valuation was a necessary part of the confirmation proceeding. Even if the valuation could be characterized as a substantive decision, the unique two-step process of a foreclosure action permits review of that decision on an appeal from the order confirming the sale.

We conclude that under secs. 808.07(1) and 808.075(1), Stats., the circuit court had authority to confirm the sheriff's sale despite the pending appeal of the judgment of foreclosure and sale. We summarily affirm the order, pursuant to Rule 809.21, Stats.

*By the Court.*—Order affirmed.