COURT OF APPEALS
DECISION
DATED AND FILED

May 6, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP2076**

Cir. Ct. No. **2020CV87**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

**258 HERITAGE LAKES, LLC,**

   **PLAINTIFF-APPELLANT,**

 **V.**

**WAUKESHA STATE BANK,**

   **DEFENDANT-CROSS CLAIMANT-THIRD-PARTY PLAINTIFF-RESPONDENT,**

 **V.**

**PHILIP J. BUETOW AND JANIS C. BUETOW,**

   **THIRD-PARTY DEFENDANTS-APPELLANTS.**

---

APPEAL from orders of the circuit court for Door County: DAVID L. WEBER, Judge. *Affirmed*.

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  258 Heritage Lakes, LLC ("the LLC"), and Philip and Janis Buetow ("the Buetows") appeal orders entered following a grant of summary judgment in favor of Waukesha State Bank ("WSB"), which resulted in the entry of a foreclosure judgment against the LLC and the Buetows and the entry of a money judgment against the Buetows.  The LLC and the Buetows argue that the circuit court erred by granting summary judgment to WSB because (1) the mortgaged property on which WSB foreclosed no longer secured a Small Business Administration (SBA) loan that the Buetows had personally guaranteed, (2) an issue of fact existed as to the amount the Buetows still owed on the SBA loan, and (3) WSB was not entitled to a money judgment against the Buetows pursuant to an indemnification provision in a Forbearance Agreement.  Additionally, the LLC argues that the court erred by granting WSB's motion to modify the original order for judgment of foreclosure.

¶2    For the reasons stated below, we conclude that we lack appellate jurisdiction over the issues that the LLC and the Buetows raise related to the circuit court's summary judgment decisions that resulted in the foreclosure and money judgments.  As to the LLC's arguments regarding the modification of the order for judgment of foreclosure, we reject those arguments and affirm.

## BACKGROUND

¶3    The following facts are undisputed.  On October 16, 2006, WSB loaned $50,000 to Buetow Automotive Group, LLC ("BAG"), a company that the Buetows owned.  The $50,000 loan ("the Loan") was renewed on October 16, 2012.  The Buetows secured the Loan through a real estate mortgage granted to WSB ("the

Mortgage") on real property the Buetows owned. That property included a residential condominium unit—"Unit 258"—located in the Heritage Lake Resort Condominium development in Egg Harbor, Wisconsin ("the Property").

¶4 The Mortgage provided that the Buetows, as the mortgagors, granted WSB a security interest in:

> the real estate described below, together with all privileges, hereditaments, easements and appurtenances … and all existing and future improvements and fixtures (all called the **"Property"**) to secure the Obligations described in paragraph 5 on page 2, including, but not limited to, repayment of the sum stated above plus certain other debts, obligations and liabilities arising out of past, present and future credit granted by [WSB].

The Property's legal description was provided as an attachment to the Mortgage. Paragraph five of the Mortgage provided that it secured payment to WSB of the Loan. The Mortgage also included a dragnet clause,[1] stating in relevant part that the Mortgage secured "all other debts, obligations and liabilities arising out of … credit contemporaneously granted … by [WSB] to … another guaranteed or endorsed by any Mortgagor." The Mortgage further stated that it bound the Buetows "and their respective heirs, personal representatives, successors and assigns."

¶5 Also on October 16, 2006, WSB made an SBA loan to BAG in the amount of $664,000 ("the SBA Loan"). In conjunction with the SBA Loan, the Buetows executed a Continuing Guaranty that personally guaranteed payment of both the Loan and the SBA Loan.

---

[1] A "dragnet clause" is a clause "stating that a mortgage secures all the debts that the mortgagor may at any time owe to the mortgagee." *See* **Mitchell Bank v. Schanke**, 2004 WI 13, ¶3 n.1, 268 Wis. 2d 571, 676 N.W.2d 849 (citation omitted).

¶6      In 2010, BAG started to have financial difficulties and eventually defaulted on both the SBA Loan and the Loan.  Amidst bankruptcy proceedings in 2013 and 2014, the Buetows conveyed, by quitclaim deed, their interest in the Property to the LLC, of which they are members.  Following the bankruptcy proceedings, WSB, BAG, and the Buetows entered into a Forbearance Agreement, which contained an indemnification provision.  In that agreement, the Buetows acknowledged, among other things, their default on the two loans through the Continuing Guaranty, that the Mortgage continued to secure the SBA Loan, and that it would continue to do so "until [the SBA Loan] has been paid or settled via an offer in compromise."  The Buetows never obtained an offer in compromise or otherwise settled the SBA Loan.

¶7      In 2019, the LLC attempted to sell the Property and use the proceeds from the sale to finish paying off the Loan, but WSB refused to execute and deliver a satisfaction of the Mortgage in relation to that sale because a debt secured by the Mortgage remained outstanding.  In July 2020, the Buetows paid off the Loan.

¶8      Also, in July 2020, the LLC filed a lawsuit against WSB, seeking a declaration that the Mortgage "does not secure any continuing mortgage interest of [WSB] in unit #258" and alleging a slander of title claim based on WSB's refusal to satisfy the Mortgage upon the LLC's "offer of payment in full of the balance due on the … Loan."  In September 2020, WSB filed an answer, a counterclaim against the LLC for foreclosure of the Property, and a third-party complaint against the Buetows for indemnification pursuant to the Forbearance Agreement.  Both the LLC and WSB attached the Mortgage to their respective pleadings.

¶9      The LLC and WSB then filed cross-motions for summary judgment. The LLC sought judgment in its favor on its claim for declaratory relief regarding

the Mortgage and dismissal of WSB's foreclosure counterclaim. WSB sought judgment in its favor on its foreclosure counterclaim against the LLC and its indemnity claim against the Buetows. In an oral ruling, the circuit court denied the LLC's motion and granted WSB's motion.

¶10 The circuit court concluded that WSB could still pursue foreclosure under the Mortgage's dragnet clause, that WSB was entitled to a judgment for the full unpaid balance of the SBA Loan, and that WSB was entitled to a judgment against the Buetows for costs and fees it incurred in this lawsuit, pursuant to the Forbearance Agreement. The court later reaffirmed its summary judgment decision in an oral ruling addressing the LLC's motion for reconsideration. The court also addressed the LLC's objection to the proposed order for judgment of foreclosure that WSB had filed a few days after the LLC moved for reconsideration. Among other things, the LLC objected to the three-month redemption period provided for in the proposed order, arguing that the six-month redemption period in WIS. STAT. § 846.101 (2023-24)[2] applied because "Unit 258 is a single[-]family, residential condominium and it is owner-occupied by [the LLC]." The court granted the LLC's request for a six-month redemption period.

¶11 On June 1, 2021, the circuit court entered an order for judgment of foreclosure regarding the Property and for a money judgment against the Buetows (hereinafter referred to as "order for judgment of foreclosure"). The order for judgment of foreclosure included the Property's legal description, but it omitted language further describing the Property that appeared in the Mortgage, including that the Property included improvements and fixtures on it. On June 14, 2021, the court entered a foreclosure judgment in favor of WSB for $520,036.21 and a money

---

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

judgment against the Buetows for $18,645.75. That document, which included both judgments, referred to the order for judgment of foreclosure, but it did not include the Property's legal description. Neither the LLC nor the Buetows appealed from the judgment of foreclosure, and the Buetows did not appeal the money judgment.

¶12    Approximately six months later, WSB filed a motion to modify the order for judgment of foreclosure pursuant to WIS. STAT. § 807.03. WSB sought to add language from the Mortgage to the Property's legal description provided in the order. It did so because the LLC had recently asserted that the scope of the foreclosure judgment was "limited to Unit 258," which, it contended, "only encompasses the parcel of land plus 50 feet of air space and 15 feet below ground" but did not include fixtures and improvements to the Property—i.e., a residential unit affixed to the Property. The LLC objected to WSB's motion, arguing that the circuit court did not have the authority to modify the order for judgment of foreclosure pursuant to § 807.03.

¶13    Following a hearing, WSB filed an amended motion seeking the same relief as before, but this time it sought relief pursuant to both WIS. STAT. §§ 807.03 and 806.07(1)(a) and (h). WSB argued that the circuit court could correct a mistake under § 806.07(1)(a) regarding the language in the order for judgment of foreclosure and revise the language to make clear that it "encompass[es] the improvements and fixtures covered in the Mortgage[,] which is the subject of this foreclosure action by WSB." The court granted the motion in an oral ruling, concluding that it could modify the order for judgment of foreclosure pursuant to its inherent authority and § 806.07(1). The court subsequently amended the order to include the following language from the Mortgage: "The real property … subject to this lawsuit and Judgment of Foreclosure is described as follows, together with … all existing and future improvements and fixtures."

6

¶14    The circuit court then scheduled an evidentiary hearing to determine whether the residential unit was "a fixture" or "an improvement" on the Property, such that it would be covered by the Mortgage and subject to the foreclosure judgment. Ultimately, the court determined that the residential unit was a fixture and improvement subject to the foreclosure judgment. On September 8, 2022, following the evidentiary hearing, the court entered an order formally dismissing the LLC's claims against WSB and an order summarizing its determination from the evidentiary hearing.

¶15    The Property was sold in October 2022, and the circuit court's order confirming the sheriff's sale was signed and entered on November 1, 2022. The LLC and the Buetows now appeal. Additional facts will be provided below as necessary.

## DISCUSSION

¶16    On appeal, the LLC and the Buetows challenge a number of the circuit court's decisions. First, the LLC argues that the court erred in its summary judgment decision relating to the Buetows' obligations under the Mortgage and the amount the Buetows owed to WSB under the SBA Loan. Second, the Buetows argue that the court also erred in its summary judgment decision relating to WSB's indemnification claim against the Buetows. Finally, the LLC argues that the circuit court erred by modifying the order for judgment of foreclosure pursuant, in part, to WIS. STAT. § 806.07(1).

¶17    Following a thorough review of the record and fully analyzing the above issues, we questioned whether we had appellate jurisdiction over the first two issues regarding the circuit court's grant of summary judgment in favor of WSB (and its related denial of the LLC's summary judgment motion) and the subsequent

related entry of the foreclosure and money judgments.[3] Because this court has an independent and affirmative duty to determine its jurisdiction, *see Carla B. v. Timothy N.*, 228 Wis. 2d 695, 698, 598 N.W.2d 924 (Ct. App. 1999), we ordered the parties to file memoranda addressing our appellate jurisdiction over those issues. We did not question our jurisdiction over the LLC's challenge to the circuit court's modification of the order for judgment of foreclosure, and we address that issue below.

## I. Appellate Jurisdiction

¶18     An appeal as of right can be taken only from a final order or judgment, unless otherwise expressly provided by law. WIS. STAT. § 808.03(1). An order or judgment is final if it disposes of the entire matter in litigation as to one or more parties. *Id.* An order or judgment "disposes of the entire matter in litigation when the text of that judgment or order leaves nothing else to be decided as a matter of substantive law." *Morway v. Morway*, 2025 WI 3, ¶25, 414 Wis. 2d 378, 15 N.W.3d 886. Upon entry of a final order or judgment by the circuit court, a party seeking to appeal must do so either within 45 days "if written notice of the entry of a final judgment or order is given within 21 days of the final judgment or order" or within 90 days if no notice is given, unless otherwise provided by law. *See* WIS. STAT. § 808.04(1).

¶19     Typically, "[a]n appeal from a final judgment or final order brings before the court all prior nonfinal judgments, orders and rulings adverse to the appellant and favorable to the respondent made in the action or proceeding not

---

[3] We note that neither party raised the issue of jurisdiction—either by motion immediately following the commencement of the appeal or in the parties' merits briefing—suggesting that they believed this court has jurisdiction over all of the issues raised by the LLC and the Buetows.

previously appealed and ruled upon." WIS. STAT. § 809.10(4). However, foreclosure actions, such as the one in the instant case, have two steps that result in two appealable final judgments and orders. *See Shuput v. Lauer*, 109 Wis. 2d 164, 171-72, 325 N.W.2d 321 (1982). The first step results in the judgment of foreclosure and sale, which determines: "the parties' legal rights in the underlying obligation and in the mortgaged property and thus determines the default"; the mortgagee's right "to realize upon the security"; "the time and place of sale of the security and the notice required"; and "the right of the mortgagee to a judgment of deficiency." *Id.* at 171. The second step includes the proceedings after the judgment of foreclosure and sale, "namely, the sale, judicial confirmation of the sale, the computation of the deficiency, and the entry of the judgment for deficiency." *Id.* This step results in the order confirming the sale, "which is distinct from the judgment of foreclosure and sale." *Id.*

¶20 Importantly, the judgment of foreclosure and sale is "a final judgment appealable as a matter of right under [WIS. STAT. § 808.03(1)], which must be appealed within the time prescribed by statute." *Shuput*, 109 Wis. 2d at 172. The later order confirming the sale is "a final order appealable of right under [§ 808.03(1)] and … an appeal from the order enables the appellant to challenge the proceedings subsequent to the judgment of foreclosure and sale, not the judgment itself." *Shuput*, 109 Wis. 2d at 172.

¶21 Here, the circuit court entered the order for judgment of foreclosure on June 1, 2021. That order addressed the parties' cross-motions for summary judgment, all the matters related to the first step of the foreclosure action, and the money judgment against the Buetows. The order also stated that it was a final order for purposes of appeal. On June 14, 2021, the court entered the foreclosure

9

judgment and the money judgment. On June 16, 2021, WSB provided notice of entry of the judgments.

¶22 We conclude that the LLC and the Buetows were required to appeal the June 2021 foreclosure and money judgments within 45 days of June 14, 2021, in order for us to have jurisdiction over the issues regarding the Buetows' obligations under the Mortgage and the amount they owed to WSB under the SBA Loan, as well as WSB's indemnification claim against the Buetows. Pursuant to *Shuput* and its progeny, the judgments as to those claims were final on June 14, 2021. The LLC and the Buetows did not file an appeal until November 2022. Their appeal as to the first two issues noted above is therefore, untimely.

¶23 As WSB argues in its memorandum addressing our appellate jurisdiction, the circuit court's decision granting summary judgment to WSB on its foreclosure counterclaim against the LLC and on its third-party claim against the Buetows conclusively decided all matters pertaining to the first step of the foreclosure action and WSB's indemnification claim. The resulting order for judgment of foreclosure resolved the three issues relating to the foreclosure and money judgments that the LLC and the Buetows now raise on appeal. The subsequently entered foreclosure and money judgments thus disposed of the entire matter in litigation because they left nothing else to be decided as a matter of substantive law as to the first step of the foreclosure action and as to WSB's indemnification claim. All that remained were the elements of the second step of the foreclosure action, which occurred in October 2022 (foreclosure sale) and November 2022 (order confirming sale).[4]

---

[4] There was no need for a deficiency determination, given that WSB did not seek a deficiency judgment.

¶24    Therefore, the June 2021 foreclosure and money judgments were final, and the LLC and the Buetows had 45 days in which to appeal them, given WSB's service of a notice of entry of the judgments. *See* WIS. STAT. § 808.04(1). Other than a motion from the LLC to stay the execution of the foreclosure judgment pending appeal, which it later withdrew, the record shows that neither the LLC nor the Buetows appealed the June 2021 judgments. The LLC and the Buetows did not file their notice of appeal until November 30, 2022, which is long past the 45-day period to appeal—as well as the default statutory 90-day period. Accordingly, we agree with WSB that the LLC's and the Buetows' appeal regarding the June 2021 judgments is untimely.

¶25    In the LLC and the Buetows' memorandum addressing appellate jurisdiction, they argue that the June 2021 judgments are not final, citing ***Anchor Savings & Loan Ass'n v. Coyle***, 148 Wis. 2d 94, 435 N.W.2d 727 (1989), for the proposition that the September 8, 2022 order regarding the evidentiary hearing was "the final order that disposed of the first stage of the foreclosure action" because the September 8 order amended the original foreclosure judgment. For this reason, the LLC and the Buetows contend that their appeal is timely as to the issues they raise related to the foreclosure and money judgments. The Buetows also summarily argue that their appeal of the money judgment is timely because the September 8 order regarding the evidentiary hearing is the final order "that disposed of the entire matter in litigation between [WSB] and the Buetows." In a similar summary manner, the LLC contends that its appeal of the foreclosure judgment is timely because the September 8 order dismissing its claims against WSB "is the final order that disposed of the entire matter in litigation involving the LLC."

¶26    We are not persuaded by the LLC's and the Buetows' undeveloped arguments that the two September 8, 2022 orders disposed of the entire matter in

litigation for the two parties and that their appeal regarding the June 2021 judgments is therefore timely. First, the September 8 order regarding the evidentiary hearing determined only whether the residential unit on the Property was a "fixture or improvement" covered by the foreclosure judgment. The September 8 order did not address the indemnification issue that the Buetows now raise on appeal. The June 2021 judgment resolved that issue and therefore disposed of that entire matter in litigation between the Buetows and WSB.

¶27     Second, although the September 8, 2022 order dismissing the LLC's claims against WSB contained a finality statement and explicitly dismissed those claims, the June 2021 judgment had already effectively disposed of those claims. The LLC's claims for quiet title and slander of title were based on its assertion that the Mortgage no longer secured WSB's interest in the Property because the Buetows no longer had any obligations under the Mortgage, which is the argument the LLC raised in its summary judgment motion and now raises on appeal. By granting summary judgment to WSB on its foreclosure counterclaim and denying summary judgment to the LLC on its claim, the June 2021 foreclosure judgment effectively dismissed the LLC's claims and left nothing else to be decided as to those claims. The subsequent order was simply a formal recognition of the dismissal resulting from the grant of summary judgment to WSB.[5]

¶28     We also reject the LLC and the Buetows' reliance on ***Anchor Savings*** to support their arguments. In that case, the bank obtained a default judgment of foreclosure in October 1984 against the mortgagor, but that judgment left open the question of the bank's entitlement to a deficiency judgment. ***Id.*** at 97. After the

---

[5] The parties disputed whether the September 8, 2022 orders should include a finality statement. The circuit court agreed that the two orders should include the finality statement, but it did not explain its reasons for doing so.

sheriff's sale, the bank moved to amend the foreclosure judgment to provide an order for a deficiency judgment against the mortgagor and for an order confirming the sale, both of which the circuit court granted in July 1985. *Id.* at 97-98. In August of that same year, the mortgagor moved for relief from the July 1985 order pursuant to WIS. STAT. § 806.07. *Anchor Savings*, 148 Wis. 2d at 98. In January 1986, the court recognized that it may have mistakenly determined the amount of the deficiency, received evidence as to the appropriate amount, modified the July 1985 order with the appropriate amount of the deficiency, and denied the mortgagor's motion. *Id.* at 98-99.

¶29 On appeal, our supreme court first concluded that the July 1985 order was a final order as to both steps of a foreclosure action because the order amended the existing foreclosure judgment by determining the bank's right to a deficiency judgment and confirmed the sale. *Id.* at 101-02. Thus, when the circuit court entered the July 1985 order, there was "nothing further to do regarding the foreclosure action." *Id.* at 103. Our supreme court also concluded that the circuit court had authority to modify the July 1985 order under WIS. STAT. § 806.07, stating that once the mortgagor invoked the circuit court's discretion under § 806.07 to amend the order, that court had the power to correct the order to the mortgagor's advantage or disadvantage. *Anchor Savings*, 148 Wis. 2d at 105-06.

¶30 Here, the June 2021 foreclosure judgment did not leave open any question relating to that judgment, as the October 1984 judgment did in *Anchor Savings*. Rather, the June 2021 order for judgment of foreclosure and the resulting foreclosure judgment resolved all the issues relating to the first step of the foreclosure action. The subsequent orders amending the order and judgment on which the LLC and the Buetows rely, and which we addressed above, did not resolve any additional matters related to the first step of the foreclosure action. They simply

clarified the scope of the foreclosed property at issue in the original foreclosure judgment under WIS. STAT. § 806.07, to WSB's benefit, following the LLC's challenge to the Property including "all existing and future improvements and fixtures."

¶31     Thus, *Anchor Savings* actually supports our conclusion that we lack jurisdiction over the issues that the LLC and the Buetows raise related to the foreclosure and money judgments, given that WSB had to invoke WIS. STAT. § 806.07 to clarify the scope of the property covered by the foreclosure judgment. And WSB could do so, and did so, without reopening—for appellate jurisdictional purposes—every matter decided by the judgment of foreclosure. We therefore address only whether the circuit court properly exercised its discretion by granting WSB's motion to modify the order for judgment of foreclosure.

## II. Postjudgment Modification of the Order for Judgment of Foreclosure

¶32     The LLC argues that the circuit court lacked authority to modify the order for judgment of foreclosure, upon WSB's motion, and otherwise erred by doing so. According to the LLC, the original order "granted to WSB the exact relief WSB had consistently requested in its pre-judgment pleadings" and, relatedly, WSB never "allege[d] that the property it was foreclosing upon included any additions, fixtures or improvements." In other words, the LLC contends there was no "mistake" made in the wording of the original order, as a matter of law, and the court erred by concluding otherwise. The LLC further argues that the court erroneously exercised its discretion by modifying the order for judgment of foreclosure pursuant to, among other things, WIS. STAT. § 806.07(1)(a). Specifically, the LLC contends that WSB failed to provide evidence of excusable neglect in support of its claims of mistake or surprise. It also claims that the court

"breached its duty of impartiality" because it acted in favor of WSB when granting WSB's motion.

¶33    We review the circuit court's order granting relief pursuant to WIS. STAT. § 806.07(1) for an erroneous exercise of discretion. *See Bank Mut. v. S.J. Boyer Constr., Inc.*, 2010 WI 74, ¶20, 326 Wis. 2d 521, 785 N.W.2d 462. A court does not erroneously exercise its discretion "when it examines the relevant facts, applies a proper standard of law, and, using a demonstrated rational process, reaches a conclusion that a reasonable judge could reach." *Id.*

¶34    Pursuant to WIS. STAT. § 806.07(1)(a), a circuit court may grant a party relief from a judgment, order or stipulation based on, among other things, "[m]istake, inadvertence, surprise, or excusable neglect." In order to grant relief for a mistake, the mistake must be justifiable and excusable. *State v. Schultz*, 224 Wis. 2d 499, 502, 591 N.W.2d 904 (Ct. App. 1999). "The primary question is whether the conduct of the moving party was excusable under the circumstances." *Id.* In other words, the inquiry is whether the mistake "is of a kind that a reasonably prudent person might have made under the circumstances." *Id.*

¶35    As noted earlier, *see supra* ¶12, WSB's efforts to have the order for judgment of foreclosure amended were prompted by the LLC newly asserting that the scope of the foreclosure judgment was "limited to Unit 258," which, it contended, "only encompasses the parcel of land plus 50 feet of air space and 15 feet below ground." According to the LLC, Unit 258 did not include fixtures and improvements to the Property, such as the residential unit on the Property. In its motion to modify the order, all that WSB—and eventually the circuit court—intended to do was reflect the reality that the Mortgage, by its plain language, secured against the entirety of the Property, including its fixtures and improvements,

15

and that all of WSB's relevant pleadings incorporated the Mortgage by reference. In other words, the original order for judgment of foreclosure itself was valid, and the court merely clarified its scope through the amendment. The LLC misstates the totality of the record in arguing otherwise.

¶36    In granting relief to WSB, the circuit court noted that all of WSB's pleadings referred to the Property as "a residential condominium" and included the legal description of the Property provided in the Mortgage. The court also noted that WSB attached the Mortgage to its pleadings,

> [a]nd that [M]ortgage also … refers to the same real estate, but also "together with all … existing and future improvements and fixtures, all called the property, to secure the obligations described in paragraph 5 on page 2, including but not limited to repayment of the sum stated above, plus certain other debts, obligations, and liabilities arising out of past, present, and future credit granted by [WSB]."

According to the court, "the foreclosure foreclosed on that very [M]ortgage." The court also admitted that it did not review the order for judgment of foreclosure submitted by WSB, but had it done so, the court would have requested that WSB include the above quoted language from the Mortgage. Ultimately, the court determined that its own mistake had caused the above language not to be included in the order and that "the evidence and the pleadings here are clear that [the order] included all of this language" from the Mortgage.[6]

¶37    We conclude that the circuit court did not erroneously exercise its discretion, pursuant to WIS. STAT. § 806.07(1)(a), by modifying the order for

---

[6] The circuit court opted not to issue an entirely new, amended order for judgment of foreclosure; rather, it issued a separate order amending the language in the original order, while stating that the separate order "is subject to the existing [j]udgments in this case, … except as provided above, and does not modify or limit such [j]udgments or their prior entry."

16

judgment of foreclosure. The record shows that in its pleadings, WSB consistently referred to the Property as the property described in the Mortgage, which referred to the Property's legal description "together with … all existing and future improvements and fixtures." Indeed, the LLC and the Buetows never disputed WSB's manner of describing the Property as the property described in the Mortgage, and their pleadings often referred to the Property as including the residential unit. As WSB notes, the mistake, as it were, was failing to expressly include this language in addition to the legal description of the Property in the order for judgment of foreclosure, so as to ensure the order tracked the fact that "Unit 258" encompassed the term "Property" as used in the Mortgage and the grant of security made by the Buetows.

¶38    Contrary to the LLC's assertion, WSB always alleged that it was foreclosing on all "property" in the Property, including its fixtures and improvements. WSB attached and incorporated the Mortgage to its foreclosure counterclaim, which included the above language cited by the circuit court referencing fixtures and improvements. WSB's counterclaim alleged that the Property "is a residential condominium" and included the legal description provided in the Mortgage. Further, WSB's summary judgment motion referred to the Property as the one subject to the Mortgage, citing back to the Mortgage attached to the LLC's complaint and to WSB's responsive pleadings.

¶39    Importantly, the LLC never disputed WSB's description of the Property in the way it did postjudgment; rather, it admitted to the above descriptions in its responsive pleadings, often describing the Property as a "condominium unit" and merely referring to it as "Unit 258." In fact, the quitclaim deed provided in support of the LLC's summary judgment motion contained similar language to that in the Mortgage, in that the property described included the Property together with

17

its fixtures. In short, the parties litigated this case by referring to the Property as it was described in the Mortgage, inclusive of its fixtures and improvements.

¶40    For the foregoing reasons, the circuit court correctly concluded that the pleadings and evidence in this case established that the parties and the court always intended any judgment of foreclosure to include the entirety of the Property secured by the Mortgage, including all fixtures and improvements.[7] The court did not err by amending the order for judgment of foreclosure to make this clear.

¶41    The LLC separately contends that WSB's mistake of assuming that the Property "included the [residential] unit when it in fact only encompassed real estate" did not qualify for relief under WIS. STAT. § 806.07(1)(a) because a "reasonably prudent bank would have realized that [the Property] did not include the [residential] unit and was limited to real estate." But, as just explained, WSB's belief that the Property mentioned in the order for judgment of foreclosure included the residential unit was justifiable and excusable under the circumstances. As stated above, both parties referred to the Property as the one described in the Mortgage. It strains credulity to suggest any understanding of the Property not including any of its fixtures and improvements, even without an express reference to "improvements or fixtures" in the order.

¶42    WSB's belief that the original order for judgment of foreclosure included all fixtures and improvements on the Property was justifiable and excusable for two additional reasons. First, the LLC objected to a three-month redemption period in a draft of the order and requested a six-month redemption

---

[7] Accordingly, we reject the LLC's argument that the circuit court was not impartial and acted in favor of WSB by granting relief to WSB. The LLC's argument in this regard is contingent on the false notion that WSB never requested that the foreclosure include the improvements and fixtures on "Unit 258."

period pursuant to WIS. STAT. § 846.101(2)(b). It objected precisely because the Property being foreclosed on was a single-family, *residential condominium* that was owner-occupied, not simply land and air. The six-month redemption period applies to foreclosure actions involving a "one-family to 4-family residence that is owner-occupied." Sec. 846.101(1), (2)(b). By arguing that the six-month redemption period applied, the LLC was clearly referring to the Property *with* its fixtures and improvements because the residential unit is what made the Property residential.

¶43 Second, when given the opportunity, the LLC did not produce sufficient credible evidence that the residential unit was not a fixture or improvement, such that it was not subject to the Mortgage in the first instance. At the evidentiary hearing to determine whether the residential unit was a fixture or an improvement, WSB offered testimony and evidence relating to the residential unit. Among other things, WSB presented: (a) photographs of the residential unit; (b) property tax assessments, a county-issued building permit for the addition of the residential unit and a shed to the Property, and county maps; and (c) letter and email exchanges between the LLC's counsel and WSB's counsel discussing the LLC's counsel's offer to purchase the Property for a price based on the residential unit on the Property, WSB's request to access the residential unit to perform maintenance on the unit, and counsel's response that the scope of the foreclosure judgment did not include the residential unit on the Property. The LLC presented only the condominium declaration, which defined "unit" as "[t]hat part of the property intended for independent use, including one or more cubicles of air at one or more levels of space as designated and located on the Condominium Plat attached

hereto."[8] The LLC presented no other evidence to rebut WSB's evidence showing that the residential unit was a fixture or improvement to the Property.

¶44 In all, based on WSB's, the other parties' and the circuit court's consistent belief throughout the litigation that the Property included its fixtures and improvements, the record ably supports a conclusion that the omission of express language to that effect in the original order for judgment of foreclosure was a justifiable and excusable mistake. Thus, the court appropriately invoked WIS. STAT. § 806.07(1)(a) to modify the order and incorporate the additional language from the Mortgage, which referred to the Property's legal description together with all existing and future fixtures and improvements.[9]

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[8] The appellate record does not contain the transcript of this evidentiary hearing, but it does contain the list of exhibits received by the circuit court, the exhibits themselves, and the court's order summarizing the hearing. We note that the LLC and the Buetows objected to WSB's request for a transcript of the hearing, but we took no action on the objection, given that any dispute regarding transcripts was a matter for the circuit court to resolve.

[9] Because we conclude that the circuit court appropriately exercised its discretion under WIS. STAT. § 806.07(1)(a), we need not address the LLC's additional argument that WSB failed to provide evidence that it was entitled to relief under § 806.07(1)(h). *See **Turner v. Taylor***, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (stating that we need not address alternative arguments raised by a party when one is dispositive).